THE PEOPLE *ex rel.* Thomas Denny

*v.*

THE BOARD OF REVIEW OF COOK COUNTY.

*Announced orally February 16, 1899.*

TAXES—*new board of review of Cook county could not review 1898 assessments at the January meeting.* The new board of review of Cook county, organized in January, 1899, pursuant to the Revenue act of 1898, had no power at its January meeting to review assessments of property for the year 1898.

MOTION for leave to file petition for *mandamus.*

J. W. KASTE, for petitioner.

Mr. CHIEF JUSTICE CARTER announced the opinion of the court:

Leave is asked to file a petition for *mandamus* against the board of review of Cook county, to compel that board to review the assessment of petitioner's property for taxes of 1898. The members of this board of review were elected at the November election in Cook county, and under the new Revenue act, passed at the special session of last year, they organized early in January, as that statute provided. Application was made to the board to review the assessment and the board declined to act. We held in the recent case of *People ex rel.* v. *Commissioners of Cook County,* 176 Ill. 576, that as that board was then organized as a board of review under the previous Revenue law, the act of 1898 took away all its power to review assessments for 1898, and that there was then no county board of Cook county having power to review such assessments. The town boards had met in June and completed their work before the new law took effect, consequently their action was not affected. The question now is whether the new board of review, which was organized in January, composed of members elected at the November elec-

tion, 1898, under the new act, has the power to review the assessments of that year.

We have given the case careful consideration, and have reached the conclusion that the new board of review has not the power to review this assessment. The act seems to contemplate that the new board shall do nothing more at the January meeting than to organize, and determine by lot the terms during which the respective members shall hold office. The act provides that one member shall hold for two years, one for four years and one for six years. Nothing is said in the act about reviewing assessments at this meeting. That, perhaps, might not be so serious a difficulty as that which arises from subsequent provisions of the act. The 34th section provides that the board shall meet on or before the second Monday in July for the purpose of revising the assessment of property, and that *at such meeting* the board, upon the application of any tax-payer or upon its own motion, may revise the entire assessment, or any part thereof, of any tax-payer, and correct the same. Section 35 provides that it shall review the assessments made upon the property of any person who shall complain in writing, on or before August 1, that his property has been assessed too high. Section 38 provides that the board shall, on or before the 7th of September, annually, complete its work and shall make the proper entries in the assessment books, and attach an affidavit to them signed by at least two members of the board, in the form prescribed by the statute, verifying the books and the correctness of the assessment. Other provisions might also be cited, but from the whole tenor of the act we are satisfied that the contemplation of the legislature was that this board should begin its review of assessments at its meeting in July and complete its work on or before September 7, but that the assessment would not be vitiated by a failure to complete the review by that date. It is true that there is a provision in section 38 which has

been called to our attention, to the effect that the board, in counties of 125,000 inhabitants or more, shall also meet from time to time, and whenever necessary, to consider and act upon complaints, and to further revise the assessment of real property as may be just and necessary; but we are satisfied that it was not the intention of the legislature that this provision should empower the board to take up the question of the review of assessments made in 1898, at their January meeting, 1899.

The motion will be denied.    *Motion denied.*