## The People of the State of Illinois ex rel. J. Kentner Elliott, Appellee, v. Logan D. Wallace et al., Appellants.

## Gen. No. 32,195.

1. MANDAMUS—*to compel jury commissioners to place exempt person on jury list.* Mandamus will not lie to compel the jury commissioners of Cook county to place on the jury list one who has the right to claim exemption from jury service, since the petitioner has not a clear right to the relief and it is not obligatory upon the commissioners to place him on the list, in view of Cahill's St. ch. 78, ¶ 2.

2. CONSTITUTIONAL LAW—*constitutional rights not determined when constitutional question not involved.* A court is not called upon to pass upon the question of whether or not the constitutional rights of a petitioner have been invaded by statutes where there is no constitutional question involved in the case.

Appeal by defendants from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Reversed and remanded with directions. Opinion filed February 9, 1928.

ALFRED S. AUSTRIAN and DAVID F. ROSENTHAL, for appellants.

J. KENTNER ELLIOTT, *pro se.*

MR. JUSTICE WILSON delivered the opinion of the court.

The People of the State of Illinois ex rel. J. Kentner Elliott filed its petition for mandamus, alleging that J. Kentner Elliott was a citizen of the United States and the State of Illinois; and that for more than four years last past he had been an elector and legal voter of the city of Chicago, Cook county, Illinois; that the last government census shows that Cook county has more than 250,000 inhabitants; that by reason thereof said county comes within the meaning of an act entitled, "An Act to authorize judges of courts of record to appoint jury commissioners and prescribing their

490    APPELLATE COURTS OF ILLINOIS.

People ex rel. Elliott v. Wallace, 247 Ill. App. 489.

powers and duties," approved June 15, 1887, in force and effect July 1, 1887, as amended by an act approved June 9, 1897, and in force July 1, 1897, Cahill's St. ch. 78, ¶ 26 *et seq.*; that by reason of said enactment, Cook county is authorized to have three jury commissioners; and that the said Logan D. Wallace, Joseph H. Barnett and Bernard J. Mullaney were, at the time of the filing of the petition, the duly appointed and legally qualified jury commissioners in and for Cook county; that it is the duty of the said jury commissioners to prepare a list for jury service every four years, which shall be made up of electors between the ages of 21 and 65 years, possessing the necessary legal qualifications for jury duty; that the said respondents did, in the year 1924, prepare a list purporting to contain the names of such electors; that in said year the petitioner was an elector and possessed the necessary qualifications; and that on the 19th day of March, A. D. 1926, he demanded of said jury commissioners that his name be placed on the jury list; that at the time he was a practicing attorney of the State of Illinois, but was not ineligible by reason thereof; and that he was not disqualified to act as a juror, but that the fact of his being a practicing attorney entitled him to exercise a personal privilege of exemption from service; that he is now, and was at that time, ready and willing to serve; that said jury commissioners arbitrarily and unlawfully deprived the petitioner, and persons in a similar classification to that of the petitioner, from serving, in that they refused to place his name and the names of those similarly situated, on the jury list, and, therefore, deprived the petitioner of the possibility of performing a public duty as a citizen of the State of Illinois.

The petition prays for a writ of mandamus directed to respondents commanding them to place his name upon the aforesaid jury list.

A demurrer was filed to this petition by the respondents and after a hearing upon said demurrer it was overruled. Respondents elected to stand by their demurrer and judgment accordingly was entered, directing that a writ of mandamus issue in accordance with the prayer of the petition. From this order respondents prayed an appeal to this court, and it is upon this record that the cause now comes before us for consideration.

Chapter 78 of Cahill's Illinois Revised Statutes, 1927, entitled "Jurors" and being "An Act concerning jurors, and to repeal certain Acts therein named," provides in section 1:

"That the county board of each county shall, at or before the time of its meeting, in September, in each year, or at any time thereafter, when necessary for the purposes of this Act, make a list of a sufficient number, not less than one-tenth of the legal voters of each town or precinct in the county, giving the place of residence of each name on the list, to be known as a jury list."

Section 2 of the same act provides:

"Jurors in all counties in Illinois must have the legal qualifications herein prescribed, and shall be chosen a proportionate number from the residents of each town, or precinct, and such persons only as are:

"First. Inhabitants of the town, or precinct, not exempt from serving on juries.

"Second. Of the age of twenty-one (21) years, or upwards, and under sixty-five (65) years old.

"Third. In the possession of their natural faculties, and not infirm or decrepit.

"Fourth. Free from all legal exceptions, of fair character, of approved integrity, of sound judgment, well informed, and who understand the English language."

Section 4 of said act provides:

"Exemptions—The following persons shall be exempt from serving as jurors, to-wit: The Governor, Lieutenant Governor, Secretary of State, Auditor of Public Accounts, Treasurer, Superintendent of Public Instruction, Attorney General, members of the General Assembly during their term of office, all judges of courts, all clerks of courts, sheriffs, coroners, postmasters, mail carriers, practicing attorneys, all officers of the United States, officiating ministers of the Gospel, school teachers during the term of school, practicing physicians, registered and assistant pharmacists, constant ferrymen, mayors of cities, policemen, active members of the fire department, embalmers, undertakers and funeral directors actively engaged in their business, and all persons actively employed upon the editorial or mechanical staffs and departments of any newspaper of general circulation printed and published in this State, all legally qualified veterinarians actively engaged in the practice of their profession: *Provided,* that every fireman who shall have faithfully and actively served as such in any volunteer fire department in any city of this State, for the term of seven years, may thereafter be exempt from serving on juries in all courts."

The Act of 1887 relating to the selection of jurors in counties of over 250,000 inhabitants, as amended by the Act of June 9, 1897, provided for a jury commission and the manner of its selection; and provided that the jury list might be revised and amended annually in the discretion of the commissioners. In other words, the preparation of the jury list in counties of the classification provided for in said enactment was placed in the hands of the jury commissioners instead of reposing in the county board, as provided in the original act concerning jurors; but in all respects their duties are practically the same as those of county commissioners, as provided for in the statutes for

counties of less than that number of inhabitants. Section 2, of chapter 78, expressly provides that the list shall be made up of jurors having the legal qualifications therein prescribed and "not exempt from serving on juries" and that they shall be free from all legal exceptions. It will be seen from a reading of the act that it is not required that the commissioners shall place all names on the jury list, but that said list shall include such names as are free from all legal exceptions and not exempt from serving on juries. Our Supreme Court in passing on this question in the case of *People v. Boston,* 309 Ill. 77, in its opinion at page 83, says:

"It is expected that the board of supervisors' will exercise judgment in the selection of the persons to be placed upon the jury list, and that it will select only adult persons under sixty-five years of age not exempt from serving on juries, and who understand the English language and are free from all legal exceptions, in possession of their natural faculties, of fair character, of approved integrity, of sound judgment, and well informed."

Our Supreme Court again had occasion to pass on this question in the case of *People v. Walsh,* 322 Ill. 195. This question appears to have arisen in that case on a motion to quash an indictment based solely on the ground that the grand jury had not been selected according to the statute. It was charged that the jury commissioners had been selecting the names from the city directory and from questionnaires; and that in the selection of the names it was customary to exclude the names of policemen, firemen, lawyers and doctors; and that all occupations not exempt from jury service, as provided by statute, were selected from the directory of the city, and from the poll books of the towns in Cook county outside of Chicago. The court in its opinion at page 200 says:

"We think that the jury commissioners made a reasonable and substantial compliance in selecting the jurors or persons qualified to serve as jurors in Cook county and making a list thereof. It is probably very true that there were quite a number of names that were competent to serve as jurors that were not placed on the list, but it is clearly apparent that it would have been a matter of impossibility to have literally complied with the provisions of the statute in making such a list. This court may take judicial knowledge that there are over three millions of people in the county of Cook. The evidence in the record shows that there are more than 550,000 registered male voters in Chicago; and, as we understand the record, the city directory aforesaid contains more than 100,000 more names of male persons between the ages of twenty-one and sixty years than there are registered male voters, and it is a fact that many of these persons are continually passing the age of sixty years and many others are dying and changing their residence and otherwise becoming ineligible for jury service, while others still are reaching the years of twenty-one and thus becoming eligible for jury service. We do not think it was the intent of the legislature to require the jury commissioners to accomplish an impossibility,— the obtaining of an absolutely complete list of all the male persons in Cook county that were eligible to jury duty."

We have examined cases cited by counsel for relator and find that they do not conflict with the rule in this State. There would be no legal objection to a person, entitled to exemption, serving on a jury providing he had the other necessary legal qualifications; but it is evident from long practice that the jury commissioners of Cook county have found that the summoning of persons entitled to exemption from jury service has resulted in a waste of time and money, because they have found that almost without exception these exemp-

tions are claimed; and as a practical proposition it is useless to include the names of such on the jury list, when it is apparent that the exemption will be exercised by such persons, almost without exception. Moreover, by following the express prohibitions of the statute, they are not required to nor should they summon persons who are exempt from jury service. The first prohibition of section 2 of chapter 78 provides that they shall summon only such persons as are inhabitants of the town or precinct, *not exempt from serving on juries*. The selection and preparation of jury lists, in a county of the size of Cook, is a difficult and arduous task. The legislature has seen fit to provide for the procuring of such lists by the appointment of a commission, and has reposed in it the power of selection. Courts should not substitute their judgment in such matters, unless the petitioner shows a clear right to the relief, and the obligation on the part of such a body as the commissioners must be obligatory. In the case at bar, we do not believe that the petitioner shows such a clear right, nor do we believe that the duty is obligatory upon the commissioners to comply with such a request as that claimed in the petition.

Our Supreme Court in the case of *People v. Cook County Com'rs*, 176 Ill. 576, in its opinion at page 580, says:

"It is well settled that to entitle the petitioner to the writ of mandamus the petitioner must show not only a clear right to the acts sought to be enforced, but the defendants must have the right by law to do such acts, and if the action required is judicial and discretionary in its nature the court will only compel them to act, but never compel them to decide in a particular manner. In *Board of Dental Examiners v. People ex rel.* 123 Ill. 227, this court said (p. 241): 'If a discretionary power is exercised with manifest injustice, the courts are not precluded from command-

ing its due exercise. They will interfere where it is clearly shown that the discretion is abused.' ''

There is no constitutional question involved in this case and we are not called upon to pass upon the question of whether or not the constitutional rights of the petitioner have been invaded by the acts in question. In this opinion it is the purpose of this court to follow only the construction of the statute as it is before us, and under the construction of this particular enactment, as we see it, the board of jury commissioners was acting in a legal and lawful manner and in compliance with the statute, in preparing the jury lists in and for Cook county, without placing thereon the name of the petitioner.

For the reasons announced in this opinion, the judgment of the superior court is reversed and the cause remanded with directions to sustain the demurrer and dismiss the petition.

*Reversed and remanded with directions.*

TAYLOR, P. J., and HOLDOM, J., concur.