## THE SUPERVISORS *v.* DURANT.

1. Mandamus from a Federal court to officers of a county in a State, to levy a tax to pay interest on bonds issued by the county on which a relator has obtained judgment, and has no means of obtaining satisfaction but by the levy of a tax, cannot be, in any way, controlled by an injunction from a State court to those officers against a levy. *Riggs* v. *Johnson County* (6 Wallace, 166), affirmed.

2. It makes no difference whether the relator have been made a defendant to the proceeding in the State court for an injunction or not; nor whether the injunction have issued before or after his suit in the Federal court was begun.

ERROR to the Circuit Court for Iowa, the case being thus:

In 1853, 1854, and 1858, the county judge of Washington County, Iowa, submitted to the voters of that county propositions to subscribe certain sums, and issue bonds accordingly, to aid the making of certain railroads; and a majority of the voters voted in favor of the propositions. The vote required the levy by the county officers of yearly taxes to pay the interest. The bonds were issued, and several of them passed into the hands of one Durant. In April, 1860, certain taxpayers of the county filed a bill against the board of supervisors of the county; Durant, with other holders of the bonds, afterwards appearing and opposing, to enjoin the supervisors (the proper officers to lay taxes) from laying any taxes to pay either principal or interest of these bonds; the ground of the injunction being that the bonds were illegal and void, and that the county officers had no authority to levy and collect taxes to pay either the principal or interest of them. And the board of supervisors were enjoined accordingly. The interest being now unpaid, Durant sued the county in the Circuit Court of the United States for Iowa to compel payment of it. The county set up, by way of plea, the injunction in the State court against it, and the plea being overruled, and the case being fully heard on a case stated, judgment was given in the Federal court against the county. Execution having issued without satisfaction, an alternative writ of mandamus to levy a tax was asked for

and obtained by Durant against the county. By way of showing cause against a peremptory writ, the county here again pleaded the injunction from the State court. The plaintiff demurred; assigning as one cause among others, that this court having jurisdiction to render the judgment, had jurisdiction to enforce it, and that no State court could prevent it. The demurrer being sustained, the county brought the case here.

*Mr. Henry Strong, for the plaintiff in error*, argued elaborately, with numerous citations of cases,* that the question was one of jurisdiction, and that in the administration of the powers of the Federal court, it was recognized as a fundamental principle, that the judgment of the State court is binding upon the Federal court, when the State court had jurisdiction of the parties and subject-matter, and the controversy arises out of a contract created under the laws of the State; that the Federal courts are powerless to reverse, modify, or in any manner interfere with such a judgment of the State court, and cannot relieve a party from obedience to a writ issued thereon; that a conflict of jurisdiction was always to be avoided; that it had accordingly passed into an unquestionable principle, that where a court has jurisdiction, it has a right to decide every question that occurs in the cause, and that whether its decision were correct or not, its judgment, until reversed, was to be regarded as binding upon every other court; that " these rules had their foundation not merely in comity, but in necessity; for that if one court might enjoin, the other could retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in the one, if they dared to proceed in the other."

He sought to distinguish the case from *Riggs* v. *Johnson County*,† since there the relator was not a party to the suit for injunction, while here he was.

---

* Taylor *v.* Carryl, 20 Howard, 583; Elliot *v.* Piersol, 1 Peters, 328; Leffingwell *v.* Warren, 2 Black, 599; Randall *v.* Howard, 2 Id. 585.

† 6 Wallace, 166.

*Mr. Grant, contra,* submitted that there was nothing for him to argue to sustain the judgment for the peremptory writ; that the judgment on the coupons was conclusive, and that no defence could be made to the action after that under pretence of State court proceedings.

Mr. Justice STRONG delivered the opinion of the court.

Since the decisions which have been made by this court during the last four years, there is almost nothing in the record now before us remaining open for adjudication. Indeed, it is not now contended that mandamus is not a proper remedy in cases like the present, when a relator has obtained a judgment, which can be satisfied only by the levy of a tax, and when the proper officers of the municipality, against which the judgment has been obtained, refuse, or neglect to levy it. That it is a legitimate remedy has been ruled in very many cases.* In such a case " the writ is" (to use the language of the court in *Riggs* v. *Johnson County*) " neither a prerogative writ, nor a new suit. On the contrary, it is a proceeding ancillary to the judgment which gives the jurisdiction, and, when issued," it " becomes a substitute for the ordinary process of execution, to enforce the payment of the same, as provided in the contract." It is a step toward the execution of the judgment, and necessary to the jurisdiction of the court.

It is insisted, however, that even if the Circuit Court may award a mandamus to aid in the enforcement of its judgments, the writ should not have been awarded in this case, because the District Court of Washington County had enjoined the defendants against levying and collecting any tax for the payment of the bonds and coupons, for a portion of which the relator had obtained his judgment. This injunction the defendants pleaded, and to the plea the relator de-

---

* The Board of Commissioners of Knox County *v.* Aspinwall et al. 24 Howard, 376; Von Hoffman *v.* The City of Quincy, 4 Wallace, 585; Supervisors *v.* United States, ex rel. State Bank, Id. 435; Riggs *v.* Johnson County, 6 Wallace, 166; Weber v. Lee County, Id. 210; The Mayor *v.* Lord, *supra,* 409.

murred. That such an injunction was wholly inoperative to prevent the Circuit Court of the United States from enforcing its judgment by mandamus to the defendants to compel them to levy the tax which the law authorized and required, is no longer to be doubted. Its invalidity to work such an effect has been placed beyond question by the rulings of this court in the cases already cited. In *Riggs* v. *Johnson County*, where it appeared that an injunction had been obtained, in one of the State courts, upon the county commissioners, enjoining them against levying any tax to pay certain municipal bonds and coupons, a mandamus was nevertheless sustained to compel the levy of a tax, at the suit of one who had obtained judgment in the Circuit Court for some of the coupons. That case is full authority for the doctrine that an injunction of a State court cannot control, or in any manner affect the action, the process, or the proceeding of a Circuit Court, not because the latter has any paramount jurisdiction over State courts, but because the tribunals are independent of each other. It is true that in *Riggs* v. *Johnson County* it appeared the relator in the information, or suggestion for the mandamus, was not a party to the injunction suit, while the relator here was a party defendant. That, however, can make no difference. The present relator, though made a party with the other defendants, was not enjoined. The decree upon the bill for an injunction was exclusively against the board of supervisors of Washington, at the suit of others than the relator. And had he been enjoined, it is not easy to see how that fact could have limited the power of the Circuit Court. We have already remarked that the true reason why the injunction was not a bar to the mandamus is, that the District Court of the State and the Circuit Court are independent courts, and that neither can interfere with the process or proceedings of the other. It would hardly be contended that a State court can enjoin a defendant against paying a judgment which has been, or may thereafter be recovered in a Circuit Court of the United States. If it may, Federal jurisdiction is a myth. It is at the mercy of State tribunals. Yet there is no substantial difference in principle

between the allowance of such an injunction, and that of one against a proceeding in aid of an execution; a mandamus to levy an authorized tax to pay a judgment.  The District Courts of Iowa are independent of each other.  Will the injunction of one District Court limit the power of another District Court to enforce its judgment?  To this no one would hazard an affirmative answer.  Certainly the Circuit Courts of the United States are as exempt from State control by State courts, as are the District Courts of the State from control by each other.

It is of course immaterial whether the injunction of the District Court of Washington County was before or after the judgment obtained by the relator in the Circuit Court of the United States, or whether before or after the institution of the suit.  It is not a question which court first obtained possession of the case.  In the case of *The Mayor* v. *Lord*,* the facts were that the plaintiffs in error had been enjoined against levying a tax, before suit was brought in the Circuit Court, yet it was held that the injunction was no sufficient answer to the alternative mandamus commanding them to levy a tax to pay the judgment afterwards recovered.

The plaintiffs in error are thus met at every point of their case by decisions of this court heretofore made, decisions which justify the court below in sustaining the demurrer to their return to the alternative writ, and in awarding a peremptory mandamus.

JUDGMENT AFFIRMED WITH COSTS.

---

* <em>Supra</em>, 409.