THE PEOPLE *ex rel.* Hetty H. R. Green

*v.*

THE BOARD OF COMMISSIONERS OF COOK COUNTY *et al.*

*Opinion filed December 21, 1898.*

1. REVENUE—*effect of act of 1898 upon power of Cook county board to act as a board of review.* The Revenue act of 1898 (Laws of 1898, p. 36,) deprived the board of commissioners of Cook county of the power to act as a county board of review, which existed under the old Revenue law of 1872 (Rev. Stat. 1874, p. 857,) and its amendments.

2. SAME—*powers of board under old law not continued until new board begins work.* Section 55 of the Revenue act of 1898, (Laws of 1898, p. 54,) concerning the remaining in force of provisions of the old Revenue law except as expressly provided in the new act, does not empower the board of commissioners of Cook county to act as a board of review during the interim between the taking effect of the new law (July 1, 1898,) and the beginning of the term of office of the new board of review, (January 1, 1899.)

3. MANDAMUS—*writ cannot issue if respondents have no power to act.* Mandamus will not lie to compel the board of commissioners of Cook county to hear and determine complaints of over-valuation of property, presented after July 1, 1898, as the power of the board to act ceased upon that day, when the new act took effect.

4. CONSTITUTIONAL LAW—*act of 1898 does not violate requirements of uniformity.* The Revenue act of 1898 is not unconstitutional, as violating the provisions of the constitution requiring uniformity in taxation.

5. SAME—*act of 1898 is not unconstitutional, as depriving tax-payers of vested rights.* The Revenue act of 1898 is not unconstitutional, as depriving tax-payers of the means of securing a proportionate assessment of taxes for the year 1898 by taking the power to review assessments from the county commissioners, as the power of the town board, its meeting being before July 1, 1898, remained unaffected by the new law, and the right of appeal to the county board is not a vested one.

6. SAME—*act of 1898 is not a special law regulating county and township affairs.* The Revenue act of 1898 is solely to provide means for the assessment of property for taxation, and is not an attempt to regulate county and township affairs by special law, in violation of section 22 of article 4 of the constitution.

7. SAME—*act of 1898 is not in violation of section 7 of article 10 of the constitution.* The provisions of the Revenue act of 1898, establishing a new board of review in counties having over 125,000 inhabitants, are not in violation of section 7 of article 10 of the constitution,

providing that the affairs of Cook county shall be managed by a board of commissioners, as the power to direct the manner of making assessments and to designate officers to make the same is conferred upon the legislature, without restriction by the constitution.

8. SAME—*act of 1898 does not conflict with provisions for township organization.* The Revenue act of 1898, in changing the duties of the township assessor, is not in violation of section 5 of article 10 of the constitution, providing for the continuance of township organization in counties adopting the same, until changed by a vote of the people.

ORIGINAL petition for *mandamus.*

This is an original proceeding in this court by the People, on the relation of Hetty H. R. Green, to obtain a writ of *mandamus* to compel the board of commissioners of Cook county to act as a county board of review to review the assessments for 1898 on certain property of the petitioner situated in the town of Lake, in said county, and particularly described in the petition.

The petition states that Cook county is organized under the township organization laws of the State, and that the town of Lake is one of the towns of said county. It then sets out the substance of sections 86 and 97 of the Revenue act of 1872, (Rev. Stat. 1874, chap. 120,) relating to the review of the assessments of the town assessor by the town board of review, and, on appeal from the finding of such board, by the county board of review; among other things, that the county board shall revise and correct the assessment on such property concerning which the owner or his agent has made application to the town board to have the same revised, and has given notice in writing to the town board that he will appeal from its decision to the county board, if it shall appear that the same has been assessed higher in proportion than other lands in the same neighborhood, and make such reduction in said assessment as shall be just and right. The petitioner further alleges that the assessor of the town of Lake, in making the valuations or assessments upon her property for 1898, fraudulently and unlawfully dis-

criminated against and over-valued her said property, and valued the same, and each tract thereof, greatly higher than other lands in the same neighborhood, to-wit, an average of at least three hundred per cent higher than other lands of equal value adjoining and contiguous to and in the same neighborhood as her said property. She further alleges that she duly complained, in writing, to the town board of review of the town of Lake, and duly urged such complaint at the meeting of such town board held according to law on the fourth Monday of June, 1898, and that said town board overruled her application and objections, whereupon she gave notice in writing, according to law, to said town board that she would appeal from its decision to the county board of Cook county; that afterwards she filed her objections in writing before said county board on the second Monday of July, 1898, and that such objections were referred to the finance committee of the board, which committee reported that, according to an opinion rendered by the county attorney, the powers of the county board as a board of review had been taken away by the provisions of the new Revenue law in force July 1, 1898, and that no action could be taken by the board in the matters complained of, and recommended that the petition be placed on file, which report was adopted by the county board at a meeting held July 25, 1898, but the board declined to entertain her complaint and refused to revise and correct said assessments; that it was the duty of said county board to do the acts which it so refused to do, and that the performance of such duty was an absolute vested right in said petitioner under the Revenue act; that on the presentation of the report of the finance committee, counsel for petitioner appeared before the county board and objected to the adoption of the report, and stated that he stood ready to urge her objections, which right was denied him. Petitioner further alleges that she is advised that the new Revenue law, approved February 25, 1898, in force

July 1, 1898, does not, in fact, deprive the county board
of the right and duty to act upon said appeals from the
town board, as directed by the Revenue act of 1872; that
she served notice in writing on the board of commis-
sioners of Cook county on September 23, 1898, that she
would apply to this court, on the first day of the October
term, 1898, for a writ of *mandamus* to compel such board
to review said assessments; that after the service of such
notice, at a meeting of the board held September 26, 1898,
the county attorney rendered a certain opinion to said
board, stating that in case the *mandamus* suit should be
successful the board would be required to consider the
complaints heretofore filed, but if the new law should be
interpreted by the court according to its expressed terms
the board would not be required to take any action, and
that if the board acted on such complaints their action
would then be null and any changes made would be set
aside by a court of chancery, but if it should be held that
the new law does not, for the present, repeal the old law,
then such action of the board would be legal and valid;
that the county board thereupon adopted certain resolu-
tions, which are as follows:

"WHEREAS, the assessments of taxable property in each and
all of the several towns of Cook county, as made by the assess-
ors in said towns, have been returned to this board for its action
thereon; and whereas, it appears to this board that the said
assessments are just and equitable and that the assessment in
each town bears a just relation to all the towns in the county;
therefore,

"*Be it resolved*, that the several complaints and objections
to the assessment of property heretofore filed with this board
be and the same are hereby overruled and denied, and that
the said assessments as returned by the assessors in each and
all of the towns of Cook county be approved, and the same are
hereby declared to be the assessments for the year A. D. 1898."

The petitioner further alleges that said resolutions
and action of the county board were and are merely col-
orable, without consideration of the merits of petitioner's
complaints and objections to the assessments upon her

property, and without notice to her or her counsel, and without consideration of any of the matters touched upon in such resolutions, and not a compliance with the requirements of said section 97; that the board, in and by said action, did not in fact revise and correct the assessments upon her said property, and that said action was and is nugatory and of no effect, and was had and taken for the purpose of evading the plain duty of said board in that behalf, and that unless said board be compelled to review and correct said assessments the property of petitioner will not be assessed in proportion to its value, as guaranteed by the constitution, and the same will be assessed higher in proportion than other lands in the same neighborhood,—all of which will work great and irreparable hardship to the petitioner. The petition prays for a writ of *mandamus* to be directed to said board of commissioners of Cook county, commanding it to review the assessment upon the premises aforesaid and correct the same as shall appear to be just, in conformity with said section 97, and to ascertain and equalize the valuation among all the towns of Cook county, and to do all other acts and things devolving upon them under said section 97.

To this petition the defendants interposed a general demurrer, and the issue presented is one of law.

STILLMAN & MARTYN, for petitioner.

ROBERT S. ILES, County Attorney, and FRANK L. SHEPARD, Assistant, for respondents.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

It is well settled that to entitle the petitioner to the writ of *mandamus* the petitioner must show not only a clear right to the acts sought to be enforced, but the defendants must have the right by law to do such acts, and

if the action required is judicial and discretionary in its nature the court will only compel them to act, but never compel them to decide in a particular manner. In *Board of Dental Examiners* v. *People ex rel.* 123 Ill. 227, this court said (p. 241): "If a discretionary power is exercised with manifest injustice, the courts are not precluded from commanding its due exercise. They will interfere where it is clearly shown that the discretion is abused. Such abuse of discretion will be controlled by *mandamus.* A public officer or inferior tribunal may be guilty of so gross an abuse of discretion or such an evasion of positive duty as to amount to a virtual refusal to perform the duty enjoined or to act at all in contemplation of law. In such a case *mandamus* will afford a remedy.—Tapping on Mandamus, 66 and 19; Wood on Mandamus, 64; *Commissioners of the Poor* v. *Lynah*, 2 McCord, (S. C.) 170; *People* v. *Perry*, 13 Barb. 206; *Arberry* v. *Beavers*, 6 Tex. 457."

Defendants having demurred generally, have thereby admitted that all the material allegations in the petition which are well pleaded are true. It is admitted, then, that petitioner's property was valued by the assessor of the town of Lake greatly higher than other lands in the same neighborhood of equal value adjoining and contiguous to the same, and that on appeal from the town board of review to the county board of review the county board first refused to act on the complaint of petitioner on the ground of lack of power, and afterwards, on being advised by its attorney as to the effect of its action in case its view of the law should not be sustained, adopted certain resolutions finding the assessments just and equitable and overruling and denying petitioner's complaints and objections; that such action was without consideration of the merits of petitioner's complaints and objections to the assessments upon her property and without consideration of any of the matters touched upon in the resolutions, and that the board did not, in fact, thereby revise and correct the said assessments. It is also al-

leged in the petition that such action was merely color-
able, and was taken for the purpose of evading the plain
duty of the board in the premises. While these are, of
course, mere conclusions of the pleader, still we are of
the opinion that the admitted facts lead to no other con-
clusion, and that, under the rule laid down above, the
action of the board, if it had power to review the assess-
ment, was so gross an abuse of discretion and such an
evasion of positive duty as to amount to a virtual refusal
to perform the duty enjoined or to act at all in contem-
plation of law, and that *mandamus* will afford a remedy
if the board had the legal power to do the act sought to
be compelled by the petitioner. Counsel for defendants
have pointed out several alleged defects in the petition
for *mandamus*, but we are of the opinion that the allega-
tions are sufficient upon general demurrer.

It is contended by defendants that the act entitled
"An act for the assessment of property and providing
the means therefor, and to repeal a certain act therein
named," approved February 25, 1898, in force July 1, 1898,
and generally known as the "new Revenue law," took
away their right to act as a county board of review, ex-
isting under the act entitled "An act for the assessment
of property and for the levy and collection of taxes," ap-
proved March 30, 1872, in force July 1, 1872, and known
as the "old Revenue law." If this contention is correct
the writ cannot be awarded. The old Revenue law pro-
vides in section 86, as amended in 1891, that all "property
whereof the owner or his agent has made application to
the town board to have the assessment on the same re-
vised, as provided by this section, and has given notice
in writing to said board that he will appeal from its de-
cision to the county board, shall be subject to complaint
to the county board, and the county board shall revise
and correct the assessment upon the same upon applica-
tion of the owner or his agent, as provided by section 97
of this act; and if it shall appear that the same has been

assessed higher in proportion than other lands in the same neighborhood, the county board shall revise and correct the same and make such reduction in said assessment as shall be just and right." Section 97 provides, among other things, that "the county board, at a meeting to be held for the purpose contemplated in this section, on the second Monday in July, annually, after the return of the assessment books, shall— * * * *Second,* on the application of any person considering himself aggrieved, * * * review the assessment and correct the same as shall appear to be just." The new Revenue law provides, in section 41, that "the township supervisors, township assessors and township clerks who have heretofore acted as the town boards of review in their respective townships, and the county boards, shall not hereafter have the power, as such board of review, to assess, equalize, review or revise the assessment of property. The boards of review herein provided for shall meet as soon after the taking effect of this act as shall be practicable, not later than the second Monday of July, and shall thereupon at once enter upon the discharge of their duties." Other sections of the new Revenue law provide for a board of review, and section 32 provides that in counties containing 125,000 or more inhabitants the board of review, consisting of three persons, shall be elected at the regular county election in the year 1898, their term of office to commence January 1, 1899.

It will thus be seen that section 41 enacts that "the county boards shall not hereafter have the power, as such board of review, to assess, equalize, review or revise the assessment of property," and that the boards of review provided for shall meet as soon after the taking effect of the act as practicable, and section 32 enacts that the term of the board of review of Cook county shall commence January 1, 1899. The new Revenue law was in force July 1, 1898, and there is therefore a period of six months unprovided for, if it was the intention of the legislature that

the power of the old board of review should absolutely
cease on July 1, 1898.   No such difficulty can occur in
other counties, for in those under township organization
and having less than 125,000 inhabitants the clerk of the
county court, the chairman of the county board, and some
citizen resident of the county, appointed by the county
judge on or before June 1 of each year, are made the
board of review, and in counties not under township or-
ganization the board of county commissioners is consti-
tuted such board of review.   In the latter class of counties
the board was in existence July 1, 1898, and in the sec-
ond class the clerk of the county court and the chairman
of the county board were in office, and the county judge
could have appointed the third member as soon as the
law took effect.   Not so, however, with the newly created
board of review for Cook county.

It is contended by counsel for the petitioner that the
proper construction of the act is, that the old board of
review for Cook county has the power to act as a board
of review until the new board shall come into being, be-
cause section 55 of the new Revenue law provides that
"all the provisions of the general Revenue law in force
prior to the taking effect of this act shall remain in force
and be applicable to the assessment of property and col-
lection of taxes, except in so far as by this act is other-
wise expressly provided."   Our attention is also called
to the seventeenth paragraph of section 1 of chapter 131
of the Revised Statutes, which provides that "the word
'heretofore' shall mean any time previous to the day on
which the statute takes effect, and the word 'hereafter'
at any time after such day."   Section 41 provides that
the county boards shall not *hereafter* have certain powers
of review.   Construing this by the provisions just quoted,
it means that they shall not have such powers at any
time after the day on which the statute takes effect.
Section 13 of article 4 of the constitution provides that
"no act of the General Assembly shall take effect until

the first day of July next after its passage," except, of course, in case of emergency, etc.

Section 41 provides that the county boards shall not hereafter have power as boards of review. Still, it is provided in section 31 that the board of county commissioners in counties not under township organization shall constitute the board of review. In the old Revenue law all these various governing boards of the counties, by whatever name called, are styled "county boards," and these boards of county commissioners are therefore included in the term "county boards" employed in section 41, which takes away the powers of review which they had under the old law, but as section 31 of the new law expressly constitutes them boards of review, they still are boards of review, but act under the new law instead of the old. The second Monday of July was the time fixed for the meeting of the boards of review under the old Revenue law, and the new law provides that they shall meet as soon after the taking effect of the act as shall be practicable, not later than the second Monday of July. The new act plainly provides boards of review for every county in the State, but, after taking away the power of the Cook county board to act after July 1, 1898, has made no provision for any board to act in its place until the new board assumes office January 1, 1899. Section 38 of the new act provides that the board of review shall complete its work on or before September 7, annually, and shall attach to each of the assessment books an affidavit, signed by at least two members of the board, stating, in substance, that the assessed values are in their opinion a just and equal assessment of such property for purposes of taxation, and contains this proviso: "That in counties containing 125,000 or more inhabitants the board of review shall also meet from time to time, and whenever necessary, to consider and act upon complaints and to further revise the assessment of real property as may be just and necessary."

It is clear that the Cook county board had no power to hear the complaints of the petitioner and review the assessment as requested by her, for all such power ceased on the first day of July, when the new act took effect, unless, as contended by the petitioner, the new act is unconstitutional,—and this brings us to a consideration of that question raised by the petitioner.

It is contended that the new law is unconstitutional because it deprives the tax-payer of the means of securing a proportionate assessment for the year 1898 by taking away from the county board the jurisdiction to review and equalize the assessments for that year and providing no other body with power to do so; because it confers improper powers on the State Board of Equalization; because the methods of taxation established by it are not uniform throughout the State; because it takes some of the management of county affairs out of the hands of the board of county commissioners, to whom the same is committed by section 7 of article 10 of the constitution; because it is special legislation regulating county and township affairs; and because it destroys, in effect, township organizations relating to the assessment of property without a vote of the people, as required by section 5 of article 10 of the constitution. These are, substantially, the grounds on which counsel base their contention that the statute is unconstitutional.

Section 1 of article 9 of the constitution, so far as applicable to the act under consideration, provides: "The General Assembly shall provide such revenue as may be needful, by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property, such value to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise." This section commits the whole matter of determining how property shall be assessed for taxes to the discretion of the General Assem-

bly, only prescribing that the valuation must be made by persons elected or appointed as the legislature shall direct, and the taxes shall be proportionate to the value of the property. There is no provision for any boards of review in this section of the constitution, and they are pure creatures of the statute. The old Revenue law, in counties under township organization, provided for two boards of review,—the town board and the county board; but in counties not under township organization it provided for but one,—the county board,—and for railroad corporations it provided for no board of review or appeal at all, the whole matter having been committed by the statute to the State Board of Equalization. That such assessment by the State Board of Equalization is constitutional was held in *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, and no appeal lies from it. (*East St. Louis Connecting Railway Co.* v. *People*, 119 Ill. 182.) Although the power of the county board of Cook county to review and correct the assessment of 1898 has been taken away, still the powers of the town board for 1898 remained unaffected, as its meeting was held before July 1, 1898, and the petitioner did, as a matter of fact, make application to the town board for a review and correction of her assessment, which was denied, and of which no complaint is made. Nor can the contention be sustained that the petitioner had a vested right in the appeal to the county board which could not be taken away. It is well settled that no one has a vested right in a mode of procedure, nor in a right of appeal, unless secured by the constitution. (*Holcomb* v. *People*, 79 Ill. 409.) Whether the provision of section 51 of the new Revenue act giving the State Board of Equalization power to raise the assessment in any county not to exceed ten per cent of the total assessed value of all property in the State is constitutional or not, is foreign to the questions involved and need not be determined here. Even if such clause

were unconstitutional it could not affect the other provisions of the act, as it is entirely separable from them.

There is no merit in the contention that the new act violates the requirement of uniformity in taxation. The uniformity required is secured when the method is uniform as to the class upon which it operates. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra; Coal Run Coal Co.* v. *Finlen,* 124 Ill. 666.) The new law divides the counties into classes for the purposes of assessment for taxation, and is uniform in its methods of procedure as to each class. The old law did the same, making a difference, in some respects, between counties under township organization and those not under township organization. Both laws prescribe a uniform rule for valuation throughout the State, only varying the *personnel* of the officers to suit the exigencies and conditions of the different classes of counties.

It is contended that this act violates section 22 of article 4 of the constitution, forbidding the passage of any special laws regulating county and township affairs. The title of the act is, "An act for the assessment of property and providing the means therefor," etc. It does not purport or attempt to regulate county and township affairs, but the sole object of the act is to provide means for the assessment of property, and it cannot be said that by doing so the legislature has attempted to regulate the county and township affairs of any county or township by a special law, as the act is applicable to the whole State, and for the purpose of facilitating and regulating assessments, so that they shall be uniform and more satisfactory than heretofore, has classified the counties of the State. See, also, *People ex rel.* v. *Onahan,* 170 Ill. 449.

Another objection is, that the provisions establishing the new board of review for Cook county are in conflict with the provisions of section 7 of article 10 of the constitution, providing that the county affairs of Cook county shall be managed by a board of commissioners of fifteen

persons.   The power to direct in what manner the assessments for taxes shall be made, and to designate the officers who shall make such assessments, is conferred on the legislature by the constitution, and. the exercise of this power is not restricted in any way.  We are of the opinion that the legislature has full power to designate what officer or officers shall make the assessments, and that it is not restricted, in the exercise of such power, by section 7 of article 10, to any particular body, officer or officers.   There are matters in connection with the raising of the revenue that have never been committed to the county board,—for instance, the assessment of railroads for the purposes of taxation, the fixing of the rate of taxation for State purposes, and others.  In fact, most of the machinery by which the revenue is raised is not under the control of the county boards.  There is here no invasion by the legislature of the power of the county board of Cook county to manage the county affairs of such county.

The objection that the new Revenue law is in conflict with the provisions as to township organization is untenable.   The whole *modus operandi* of township organization is committed to the legislature, the constitution prescribing no particular form or officers, and the legislature has the power to fix and limit the powers of the township officers, and to modify them at will.   To say that because the duties of the township assessor are changed by the new Revenue law, therefore township organization has been destroyed without a vote of the people on the subject is entirely without foundation.  The whole scheme of township organization still remains. But neither the town board nor the county board could act as a board of review after the new Revenue law took effect.

The demurrer to the petition must be sustained and the writ of *mandamus* denied.          *Writ denied.*