13141

GREEN v. WEST, COUNTY TREASURER *ET AL.*

(159 S. E., 23)

162

Messrs. S. B. Craig and J. F. Craig, for petitioner.

*Messrs. Hughs & Hughs,* for respondent.

June 8, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The petitioner procured to be issued by this Court a rule which required the respondents to show cause before it why they, who are the treasurer, the auditor, and the supervisor of Oconee County, should not be compelled by a writ of mandamus to levy a tay upon the taxable property of the county sufficient to pay the amount of a judgment, viz.: $2,000.00, with interest and costs, which had been recovered by the petitioner against the county.

The judgment was obtained in an action brought by petitioner as administratrix of Allen Green, who was taken from the custody of the sheriff of Oconee County and lynched.

Actions of that nature are authorized by the provisions of Article 6, § 6, of the Constitution, and Section 5601, Vol. 3, Code 1922, known as the lynching statute. By their terms, a county is made liable in exemplary damages in a sum of not less than $2,000.00 when one is taken from the custody of the sheriff and lynched.

The respondents for return to the rule showed: That they had no money on hand except such as was specifically appropriated for other purposes and hence it could not be applied to the payment of this judgment, and that they were

without authority of law to levy a tax for such purpose, or any purpose.

The question thus presented for the consideration of the Court is this: May the ministerial officers of Oconee County be required by the mandate of this Court to levy a tax?

The general rule on this subject is thus stated in Corpus Juris: "In accordance with elementary principles mandamus will not lie to compel a municipal board or officer to do anything which he is without authority or power to perform. It is also essential to have the writ issued that the respondent officer or board shall be under a plain legal duty to perform the act. The writ will not issue where the duty is doubtful." 38 C. J., 691.

The United States Supreme Court, in *Commissioners of Taxing District v. Loague,* 129 U. S., 493, 9 S. Ct., 327, 330, 32 L. Ed., 780, said this: "Mandamus lies to compel a party to do that which it is his duty to do without it. It confers no new authority, and the party to be coerced must have the power to perform the act."

In *People v. Board of Com'rs,* 176 Ill., 576, 52 N. E., 334, 336, this is held: "It is well settled that to entitle the petitioner to the writ of mandamus the petitioner must show not only a clear right to the acts sought to be enforced, but the defendants must have the right by law to do such acts."

The matter, it would seem, is definitely set at rest in this State by our Supreme Court in the case of *State ex rel. People's Bank v. Goodwin,* 81 S. C., 419, 62 S. E., 1100, 1102, in which the opinion was written by that pre-eminent jurist, Associate Justice Charles A. Woods. There it was sought to compel by mandamus the county officers of Greenville County to levy a tax to pay certain claims against the county which had been approved; failing that, that the Board of County Commissioners be required to include, in the estimate which it was required to submit to the Comptroller General of the amount necessary to meet county expenses and obligations, a sum sufficient to pay such claims. The

Court held that the officers could not be compelled to levy a tax, but that the board could be compelled by mandamus to include in the estimate the amount necessary to pay such claims. And the writ was ordered to issue for such purpose.

Passing upon these questions, the Court said:

"By Section 5, Art. 10 of the Constitution, the General Assembly was authorized to vest in the municipal authorities of a county the power to lay taxes for corporate purposes, but the General Assembly has not seen fit to confer the power on the County Board of Commissioners, except a limited power to lay a special tax of one mill for roads. 23 St., 1012. Therefore this Court cannot issue a mandamus to require that board to do an act not within its official duty or power. In *Supervisor [of Carroll County] v. U. S.*, 18 Wall., 71, 77, 21 L. Ed., 771, the Court says: 'It is very plain that a mandamus will not be awarded to compel county officers of a State to do any act which they are not authorized to do by the laws of the State from which they derive their powers. Such officers are the creatures of the statute law, brought into existence for public purposes, and having no authority beyond that conferred on them by the author of their being. And it may be observed that the office of a writ of mandamus is not to create new duties, but to compel the discharge of those already existing. A relator must always have a clear right to the performance of a duty resting on the defendant before the writ can be invoked.'  *   *   *

"For the Courts to undertake to create the machinery of taxation would be to usurp a legislative function. This Court therefore has no power to issue a mandamus to require the levy of a special tax to pay the petitioner's claims."

The method of providing for the levy of taxes to meet the expenses of a county are prescribed by Section 1105 of Vol. 3, Code 1922, in this wise: "The County Board of Commissioners shall prepare an estimate of the amount of money necessary to pay the expenses incurred by said boards and for ordinary county expenses, and report the same to the

Comptroller General of the State, on or before the 5th day of January of each year, to be by him submitted to the General Assembly, in order to provide the necessary taxation for county purposes."

If the county officers could levy taxes, this proceeding would be unnecessary.

In some of the counties, supervisors have been substituted for boards of Commissioners, and these duties devolved upon them.

It is clear that this Court has no power to compel the officers of Oconee County to levy and collect a tax to pay petitioner's judgment against the county.

It may, however, compel the supervisor to include, in his estimate of the amount necessary to meet the expenses of the county, a sum sufficient to pay this judgment. In the *State ex rel. People's Bank v. Goodwin, supra,* the Court said: "The petitioner is therefore entitled to a writ of mandamus requiring the County Board of Commissioners of Greenville County to include in its estimate to be submitted to the General Assembly these claims and items as adjudicated debts for expenses incurred by the County Board of Commissioners, and it is adjudged that the writ do accordingly issue."

Probably the attorneys for petitioner in the present case were following what they considered to be the precedent set in the case of *Smoak v. Berkeley County,* 156 S. C., 369, 153 S. E., 288. It would seem that that case was uncontested, and the issues herein decided were not brought to the attention of the Court in that case. It is not to be taken as authority.

It is accordingly adjudicated that a writ of mandamus do issue requiring the Supervisor of Oconee County to include in the next estimate to be made by him of the amount of money necessary to meet the expenses of the county, which estimate is to be by him submitted to the Comptroller General and by him to the General Assembly, a sum sufficient to

pay the judgment of $2,000.00 secured by petitioner against the County of Oconee, together with interest thereon from the date of the judgment, and costs. It is so ordered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

### ORDER ON PETITION FOR REHEARING

MR. JUSTICE BONHAM: This is a petition for rehearing in the above-entitled cause. The opinion which petitioner urges should be recalled, held that the writ of mandamus as prayed for in the original petition could not be granted for the reason that the county officers of Oconee have no power to levy a tax for any purpose and that, therefore, this Court had no power to compel them to do that which they had no legal authority to do. But it was held that mandamus would issue to compel the supervisor to include in his estimate to be submitted to the Comptroller General, to be by him submitted to the General Assembly, the amount necessary to meet the expenses of the county, a sum sufficient to pay the judgment of the petitioner.

With great earnestness counsel for petitioner urge that the Court is in error in holding that it cannot by mandamus compel the officers of Oconee County to levy and collect a tax to pay petitioner's judgment; and they cite authorities from the Supreme Court of the United States, which, they argue, sustain their position. We have carefully examined these cases, and find that in every instance the officers sought to be compelled by mandamus to levy a tax had the power, and it was their duty, to levy it.

In the case of *City of Davenport v. United States ex rel. Lord*, 9 Wall., 409, 410, 19 L. Ed., 704, cited by petitioner, the petition for the writ stated that: "The relator recovered a judgment in that Court against the City of Davenport. * * * That the city is a municipal corporation, and that *its affairs are managed by a mayor and aldermen, who perform all the duties of the corporation in relation to levying*

*and collecting taxes,* and paying its debts." (Italics added.) The Court found this to be true, and ordered the mandamus to issue.

In the case of *U. S. ex rel. Butz v. City of Muscatine,* 8 Wall., 575, 19 L. Ed., 490, the petition for mandamus stated that: "The relator had recovered judgment against the City of Muscatine; that execution had been issued and return made of 'no property found"; *that the business of the corporation was managed by the Mayor and Aldermen, whose duty it was to cause its taxes to be levied and collected,* and to provide for the payment of all judgments against it," etc. (Italics added.) The Circuit Court for the District of Iowa overruled a demurrer to the return. On appeal the United States Supreme Court reversed the Circuit Court, and ordered the mandamus to issue.

In the companion case to this one, viz., *U. S. ex rel. Amy v. City of Burlington,* 154 U. S., 568, 14 S. Ct., 1212, 19 L. Ed., 495, the same action was taken.

In the case of *Board of Supervisors of County of Washington v. U. S. ex rel. Durant,* 9 Wall., 415, 417, 19 L. Ed., 732, a writ of mandamus was sought by relator to compel the Board of Supervisors of Washington County to levy and collect a tax to pay a judgment which he had obtained against the county. To the rule the county made answer denying the validity of the bonds on which the judgment had been obtained, and setting up an injunction issued by a State Court to prevent the levy of the taxes in question.

To this return the relator demurred. The Court sustained the demurrer, and ordered the mandamus to issue. It will be observed that nowhere is it questioned that the Board of Supervisors had power and authority of law to levy the tax. This occurs in the opinion: "Indeed, it is not now contended that *mandamus* is not a proper remedy in cases like the present, when a relator has obtained a judgment, which can be satisfied only by the levy of a tax, *and when the proper officers of the municipality,* against which the judgment has been

obtained, refuse, or neglect to levy it." (Italics added.) This language implies the power in the board of supervisors to levy the tax.

See, also, the case of *Board of Supervisors of Washington County v. United States ex rel. Mortimer,* 154 U. S., 571, 14 S. Ct., 1196, 19 L. Ed., 734.

The case of *Mobile v. United States ex rel. Henry Watson,* 116 U. S., 289, 6 S. Ct., 398, 29 L. Ed., 620, is in point. In 1859 the City of Mobile issued certain bonds. In 1879 the Legislature of Alabama passed an Act repealing the Charter of the City of Mobile, and later passed another Act chartering, as a municipal corporation, the port of Mobile, the corporate limits of which municipality covered a large part, if not the whole, of the territory which had been included within the corporate limits of the City of Mobile. Plaintiff obtained judgment on the bonds which he held against the port of Mobile; execution issued thereon was returned by the Marshal marked, "No property found." Thereupon plaintiff filed in the Circuit Court his petition in which he prayed for a writ of mandamus to compel the police board of the port of Mobile to assess and levy a special tax to pay the judgment. He alleged in his petition that the police board *had the right and it was their duty* (italics added), to levy such tax for the satisfaction of his judgment. The Circuit Court of the United States for the Southern District of Alabama sustained these allegations and ordered the writ of mandamus to issue. On appeal this judgment was affirmed by the Supreme Court.

In *City of Chanute v. Wilbur F. Trader,* 132 U. S., 210, 10 S. Ct., 67, 33 L. Ed., 345, Trader had obtained judgment against the City of Chanute. Upon his petition, the Circuit Court of the United States for the District of Kansas granted an alternative writ of mandamus requiring the officers of the city to levy a tax to pay the judgment. For return to the alternative writ the city pleaded that the original judgment was void for the reason set out in the return. The Court

overruled the return, and made the writ of mandamus per-
emptory. On appeal to the Supreme Court of the United
States this judgment was affirmed. The power and duty of
the proper officers of the city to levy the tax is nowhere de-
nied or questioned.

We have examined with care the authorities cited by the
counsel for petitioner, and other authorities found by us,
and nowhere have we found a case which is authority for
the position that the Court can, by mandamus, compel an
officer of the State, county, or city to do that which he has.
no power under the law to do. On the contrary, there is con-
trolling authority in our own Courts to the contrary.

We quote from the case of *State ex rel. People's Bank v.
Goodwin*, 81 S. C., 419, 62 S. E., 1100, 1102, cited and re-
lied on in the opinion which the petitioner seeks now to have
reviewed. There it was sought to compel, by mandamus, the
county officers of Greenville County to levy a tax to pay cer-
tain claims against the county, which had been approved;
failing that, that the Board of County Commissioners be re-
quired to include, in the estimate which it was required to
submit to the Comptroller General of the amount necessary
to meet county expenses and obligations, a sum sufficient to
pay such claims. And the writ was ordered to issue for such
named purpose. Passing upon these questions, the Court
said:

"By Section 5, Art. 10 of the Constitution, the General
Assembly was authorized to vest in the municipal authorities.
of a county power to levy taxes for corporate purposes, but
the General Assembly has not seen fit to confer the power
on the County Board of Commissioners, except a limited
power to lay a special tax of one mill for roads. 23 St., 1012.

"Therefore this Court cannot issue a mandamus to re-
quire that board to do an act not within its official duty or
power. In *Supervisor [of Carroll County] v. U. S.*, 18 Wall.,
71-77, 21 L. Ed., 771, the Court says: 'It is very plain that
a mandamus will not be awarded to compel county officers.

of a State to do any act which they are not authorized to do by the laws of the State from which they derive their powers. Such officers are the creatures of the statute law, brought into existence for public purposes, and having no authority beyond that conferred on them by the author of their being. *And it may be observed that the office of a writ of mandamus is not to create new duties, but to compel the discharge of those already existing.* A relator must always have a clear right to the performance of a duty resting on the defendant before the writ can be invoked.' [Italics added.]   \*   \*   \*

"For the Courts to undertake to create the machinery of taxation would be to usurp a legislative function. This Court therefore has no power to issue a mandamus to require the levy of a special tax to pay the petitioner's claims."

The earnestness of counsel for petitioner, and the gravity of the question involved, made it our duty to give careful attention to the petition for rehearing. This we have given; but we have found nothing which would justify the Court in granting the petition. The situation is a legislative one. If the General Assembly desires that the county officers have power and authority to levy a tax for any purpose, it has the legal right to do so. This Court has no such power.

The petition for rehearing must be, and is, refused.

. Mr. Chief Justice Blease and Messrs. Justices Cothran, Stabler and Carter concur.