14103

CLARY, COUNTY SUPERVISOR, *ET AL.* v. HARVEY, COUNTY AUDITOR

(180 S. E., 673)

*Messrs. Hall, Vassy & Hall,* for plaintiffs,

*Mr. G. W. Speer,* for defendant,

July 5, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This case is here in the original jurisdiction of the Court by an unusual route. Ordinarily, matters may be brought in the original jurisdiction only in those instances allowed by constitutional or statutory authority, and then only upon rule issued by this Court. In this case plaintiffs brought action in this Court against the defendant by summons and complaint, to which the defendant made answer. The parties agreed that the matter be heard upon an agreed statement of facts. Attorneys of the parties appeared before the Court and moved to be heard. The proceeding was wholly irregular, and the Court would have been justified in refusing to hear the case; but upon consideration it appeared that the matter was one of grave interest to the County of Cherokee, which demanded prompt

consideration. Therefore the Court waived the irregularity of the proceeding and heard the case.

The Court desires that it be understood that its action in this serious emergency is not to be taken as precedent for others to come into this Court in the original jurisdiction by the same route.

It appears from the pleadings in the case that the Legislature at its 1935 session adjourned without having passed a supply Bill for Cherokee County. In consequence, the county finds itself without funds to carry on the business of the county. It cannot pay the expenses of feeding and guarding convicts on the chain gangs and prisoners in jail; nor can the Courts function; the roads and public buildings of the county will be neglected; and the salaries of county officers will remain unpaid. The county home is unprovided for. In short, the functions of the county government are halted because of the want of funds to carry them on.

In this emergency the County Supervisor and the Board of County Commissioners met and adopted a resolution to the effect that a general tax levy of 20 mills is necessary to raise funds for county purposes, and they issued an order directing the County Auditor to enter upon the tax duplicates the tax levies therein provided for. This the County Auditor declined to do unless thereunto directed by a Court of competent jurisdiction.

These facts appear by the pleadings and the agreed statement of facts.

The prayer of the complaint is that this Court issue its mandate sustaining the action of the county officers and directing the carrying out of their order in the premises by the County Auditor.

The legal contention of plaintiffs in support of their position is, briefly stated, that:

Section 5, Art. 10, of the Constitution of 1895, gives authority for the action they seek to take. So much of that section as pertains to the issue follows: "The corporate au-

thorities of counties * * * may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. * * * And the General Assembly shall require that all the property * * * shall be taxed for corporate purposes and for the payment of debts contracted under authority of law."

It is patent from the language of the section that the authority to assess and collect taxes may be vested in the corporate authorities of counties, but nowhere is it stated that power to levy taxes may be vested in them; certainly it is not so vested in the section itself. Plaintiffs contend that the provisions of Section 3819 of the Code of 1932 contain the power spoken of by Section 5, Art. 10, *supra*. The pertinent language of that section of the Code is as follows: "The County Supervisor shall have general jurisdiction over all public highways, roads, bridges and ferries, and over the paupers, and in all matters relating to taxes and disbursements of public funds for county purposes," etc.

We can find no grant of power to the County Supervisor to levy taxes.

The whole issue has been decided against plaintiffs' contention by the decision of this Court in the case of *Green v. West, County Treas., et al.,* 161 S. C., 161, 159 S. E., 23.

Corrie Green obtained judgment against Oconee County because her husband had been taken from the custody of the sheriff and lynched. At her instance, this Court issued its rule requiring W. W. West, County Treasurer, and other named county officers, to show cause why mandamus should not issue to compel them to levy a tax to pay this judgment. This Court in a unanimous opinion said, *inter alia:* "The question thus presented for the consideration of the Court is this: May the ministerial officers of Oconee County be required by the mandate of this Court to levy a tax?"

Without dissent the Court gave a negative answer to the question.

From the numerous authorities cited in support of this holding these may be taken: "In accordance with elementary principles mandamus will not lie to compel a municipal board or officer to do anything which he is without authority or power to perform. * * * The respondent officer or board shall be under a plain legal duty to perform the act." 38 Corpus Juris, 691.

"Mandamus lies to compel a party to do that which it is his duty to do without it. It confers no new authority, and the party to be coerced must have the power to perform the act." *Commissioners of the Taxing-Dist. of Brownsville v. Loague,* 129 U. S., 493, 9 S. Ct., 327, 330, 32 L. Ed., 780.

See, also, *People v. Commissioners,* 176 Ill., 576, 52 N. E., 334; *State ex rel. People's Bank v. Goodwin,* 81 S. C., 419, 62 S. E., 1100, 1102.

The very authorities upon which the plaintiffs rely are shown by the able opinion of Mr. Justice Woods in the last-cited case to be against plaintiffs' contention. In that case it was sought by mandamus to compel the county officers of Greenville County to levy a tax to pay certain claims against the county. Mr. Justice Woods said, in part:

"By Section 5, Art. 10 of the Constitution, the General Assembly was authorized to vest in the municipal authorities of a county the power to lay taxes for corporate purposes, but the General Assembly has not seen fit to confer the power on the County Board of Commissioners. * * *

*"For the courts to undertake to create the machinery of taxation would be to usurp a legislative function. This court therefore has no power to issue a mandamus to require the levy of a special tax to pay the petitioner's claims."* (Italics added.)

The conclusion of this Court in the case of *Green v. West, supra,* was in these words: "It is clear that this Court has no power to compel the officers of Oconee County to levy and collect a tax to pay petitioner's judgment against the county."

There was an earnestly urged petition for rehearing in the *Green v. West case, supra,* in which cases from the United States Supreme Court were cited, which cases, it was contended, sustained the right of county officers to levy taxes. In denying the petition for rehearing this Court said: "With great earnestness counsel for petitioner urge that the Court is in error in holding that it cannot by mandamus compel the officers of Oconee County to levy and collect a tax to pay petitioner's judgment; and they cite authorities from the Supreme Court of the United States, which, they argue, sustain their position. *We have carefully examined these cases, and find that in every instance the officers sought to be compelled by mandamus to levy a tax had the power, and it was their duty, to levy it."* (Italics added.)

It is noteworthy that more than one attempt has been made in the General Assembly to relieve that body of the annual function of enacting supply Bills for the several counties, by conferring the power to perform these duties upon the officers of the respective counties. This would mean to confer upon such county officers the power to *levy,* as well as to *assess* and *collect,* the taxes. These attempts thus to alter the law have invariably failed. If they possessed the power to levy such taxes as contended for by plaintiffs, there would be little need of the enactment by the Legislature of annual county supply Bills.

This Court realizes the hard conditions which beset Cherokee County, and sympathizes with the good people of that county. It regrets that it has no power to aid them. It cannot invade the province of the legislative department of the State government.

The petition for mandamus to compel the Auditor of Cherokee County to levy a general tax for county corporate purposes must be, and is, denied.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.