BGW ASSOCIATES, INC., Plaintiff,

v.

VALLEY BROADCASTING
COMPANY, Defendant.

No. 80 Civ. 6013 (RWS).

United States District Court,
S. D. New York.

Jan. 7, 1982.

Moses & Singer, New York City, for plaintiff; David B. Eizenman, David Rabinowitz, New York City, of counsel.

Nitkin, Alkalay, Handler & Robbins, New York City, for defendants, Jon Paul Robbins, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff BGW Associates, Inc. ("BGW") has moved by order to show cause for an injunction pursuant to 28 U.S.C. §§ 1651 and 2283 to prevent defendant Valley Broadcasting Company ("Valley") its officers, directors and persons in active concert or participation with them from interfering with the judgment entered by this court on October 28, 1981 and to enjoin further prosecution of the case brought in Nevada State Court, *James E. Rogers & Cheryl H. Rogers, et al. v. Valley Broadcasting Company, et al.*, A 209371, Dep't. IX, 8th Judicial Dist. Court, County of Clark, State of Nevada ("the Rogers action").[1] The Rogers action was initiated by shareholders of Valley and their spouses (including officers and directors of Valley) against Valley, BGW, Richard Geismar ("Geismar") and Broadstreet Communications ("Broadstreet") and seeks to restrain the defendants from complying with the judgment of this court. For the reasons set forth below the motion will be granted in part and denied in part.

After a jury trial, in which James E. Rogers ("Rogers"), the chairman of Valley and a well-known attorney in Las Vegas, testified, a verdict was rendered in this action against Valley in the amount of $145,060.12. Judgment was subsequently entered on October 28, 1981 and Valley has timely appealed. On November 30, 1981 Rogers and other stockholders of Valley and their spouses ("the stockholders") initiated the Rogers action and on that date obtained the temporary restraint from the Nevada Court barring compliance with the judg-

ment entered here.[2] The shareholders' complaint essentially alleged that Valley was not liable for some of the consulting fees required by the contract entered into between Valley and BGW which was the subject of the litigation in this court[3], and the defenses claimed by Valley in this action.

This court's jurisdiction is not barred by the filing of an appeal with the Circuit Court. Although the general rule is that the filing of a notice of appeal divests the trial court of jurisdiction, there are exceptions to that rule:

> The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals.

J. Moore, 9 Moore's Federal Practice ¶ 203.-11 (1980) (footnotes omitted). *See Leonhard v. United States*, 633 F.2d 599, 609–10 (2d Cir. 1980), *cert. denied*, 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *International Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979). Since this motion for injunctive relief is brought in aid of execution of this court's judgment and no supersedeas bond has been filed with the appeal, the court is not divested of jurisdiction of this motion by the timely filing of

---

1. The Rogers action was removed to the United States District Court for the District of Nevada on December 14, 1981.

2. This temporary restraint of enforcement of a federal court judgment may well be beyond the power or jurisdiction of the state court. *See e.g., Donovan v. City of Dallas*, 377 U.S. 408, 412–13, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964); *The Supervisors v. Durant*, 76 U.S. 415,

418, 9 Wall. 415, 418, 19 L.Ed. 732 (1869); *M'Kim v. Voorhies*, 11 U.S. (7 Cranch) 279 (1812).

3. Rogers, the principal witness in this action, is the plaintiff in the Rogers action as well as a partner in the law firm which is prosecuting that action.

the appeal. *Cf: Browning Debenture Holders Committee v. DASA Corp.*, 454 F.Supp. 88, 94–95 (S.D.N.Y.1978); *Weisman v. Darneille*, 79 F.R.D. 389, 391 (S.D.N.Y. 1978); *Lowenschuss v. Kane*, 392 F.Supp. 59 (S.D.N.Y.1974).

■ Federal Courts are granted the power to issue such writs as are necessary to aid and protect their jurisdiction pursuant to the All Writs Statute. Section 1651 provides in part:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651. The equitable power of the federal court to enjoin state court proceedings is subject to the anti-injunction statute which provides:

> A court of the United States may not grant an injunction to stay proceedings in state court except as expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. This limitation on federal judicial power relates only to actions already instituted in state courts. *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2, 85 S.Ct. 1116, 1119 n.2, 14 L.Ed.2d 22 (1965); *Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935). District Courts should be careful in exercising their discretion "in light of the historical reluctance of federal courts to interfere with state judicial proceedings." *South California Petroleum Corp. v. Harper*, 273 F.2d 715, 718 (5th Cir. 1960).

■ In the Rogers action Rogers and the stockholders seek to relitigate the issues determined against their corporation in this court. As to such issues, relitigation is barred by res judicata and properly enjoinable within the bounds of Section 1651 and 2283. *Samuel C. Ennis & Co. v. Woodmar Realty Co.*, 542 F.2d 45, 49 (7th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1112, 51 L.Ed.2d 543 (1977); *Ward v. Pennsylvania New York Central Transp. Co.*, 456 F.2d 1046, 1047 (2d Cir. 1972); *Walter E. Heller & Co. v. Cox*, 379 F.Supp. 299, 307 (S.D.N.Y. 1974); *see generally Kreager v. General Elect. Co.*, 497 F.2d 468, 471–72 (2d Cir.), *cert. denied*, 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974). Under this relitigation exception to the limitations set forth in Section 2283 when a party who has prevailed in federal court is subjected to multiple law suits on the same issues injunctive relief may be granted to protect the federal court judgment. *Browning Debenture Holders' v. DASA*, 454 F.Supp. at 101; *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D.Cal.1976). A multiplicity of state law suits is not required and one state suit is sufficient when the federal litigation was burdensome or protracted and the losing party refuses to be bound by the outcome. *Browning Debenture*, 454 F.Supp. at 101; *see also Southwest Airlines Co. v. Texas Int. Airlines, Inc.*, 546 F.2d 84 (5th Cir.), *cert. denied*, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); *Samuel C. Ennis & Co. v. Woodmar Realty Co.*, 542 F.2d 45.

Moreover, any new issues of defenses to enforcement of the contract that appear to be raised in the Nevada court action are also barred by the doctrine of res judicata since such defenses and claims *might* and should have been raised in this district court's trial of the issues. *Browning Debenture Holders' Committee v. DASA Corp.*, 605 F.2d 35, 39 (2d Cir. 1978); *Sanchez v. Carribean Carriers, Ltd.*, 552 F.2d 70, 72 (2d Cir.), *cert. denied*, 434 U.S. 853, 98 S.Ct. 168, 54 L.Ed.2d 123 (1977); *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1323 (2d Cir. 1977). Thus Section 1651 may properly be invoked by the court in its discretion to enjoin Valley and its privies from attacking this court's judgment through an action in Nevada.

■ The fact that the Nevada plaintiffs were not named as individual defendants in the contract action before this court, and that Valley is a named defendant in the Rogers action does not prevent the issuance of an injunction against Valley and all per-

**1118**

sons in active concert or participation with Valley. Several of the plaintiffs in the Rogers action are officers and directors of Valley and were actively involved as witnesses in the litigation before this court. The shareholders of Valley are barred from relitigating the issues that were or should have been presented to the federal court under res judicata because they are privies of a party against whom this court's judgment was entered. *Kraeger v. General Elect. Co.*, 497 F.2d at 472; *Browning Debenture Holders' v. DASA Corp.*, 454 F.Supp. at 104. Moreover, this court's injunction can bind Valley, its officers, agents, employees, attorneys and those persons in active concert or participation with them who received actual notice. *Cf.* Fed. R.Civ.P. 65(d) and 71. *See also Reich v. United States*, 239 F.2d 134, 137 (1st Cir. 1956), *cert. denied*, 352 U.S. 1004, 77 S.Ct. 563, 1 L.Ed.2d 549 (1957).

█ Even though the Rogers action was removed to federal court in Nevada, the All Writs statute can still be invoked to enjoin parties from attacking this court's judgment by attempting to further litigate the issues resolved before this court. *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 637 (5th Cir.), *cert. denied*, 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971). The only explanation advanced for the Rogers action is that proffered by BGW, namely to harass BGW and delay and impair BGW's ability to collect on its judgment. Therefore, this is a proper case in which to enjoin Valley and those persons in active concert and participation with it from taking further legal actions to prevent BGW from executing on the judgment entered by this court, other than through the prosecution of their appeal from the judgment of this court.

IT IS SO ORDERED.