**William H. VIEHWEG, Appellant,**

v.

**Susan H. MELLO, Respondent.**

**No. ED 76141.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 7, 1999.

William H. Viehweg, Mt. Olive, IL, pro se.

Gerard T. Noce, St. Louis, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, Jr., and SHERRI B. SULLIVAN, JJ.

PER CURIAM.

Appellant William H. Viehweg appeals from the judgment of the circuit court dismissing his injunction action for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. Appellant sought an injunction from the state circuit court against Respondent Susan H. Mello which would prohibit her from representing herself, along with her separate and independent attorneys, in her capacity as a licensed Missouri attorney before the United States District Court for the Eastern District of Missouri, the Eighth Circuit Court of Appeals, and the United States Supreme Court.[1] The circuit court granted Respondent's motion to dismiss for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. Appellant contends the circuit court erred in recognizing Respondent as legal counsel because "[she] is a natural person and the sole defendant party, and any such self-representation on her part is outside the practice of law." Appellant further asserts the circuit court erred in granting Respondent's motion to dismiss for lack of subject matter jurisdiction because "a state court, having jurisdiction over the person, may, in equity, properly enjoin that person from vexatious and fraudulent representations." We dismiss the appeal.

Before we can address the merits of Appellant's appeal, we must determine whether this court has jurisdiction. Marriage of Johnson, In re, 948 S.W.2d 148, 151 (Mo.App. E.D.1997). Our jurisdiction derives from that of the circuit court. Id. Where the trial court does not have jurisdiction to determine the merits, we likewise do not have jurisdiction to reach the merits and the appeal must be dismissed. Ortega v. Ortega, 695 S.W.2d 162, 163 (Mo.App. W.D.1985).

Here, Appellant sought an injunction in the state circuit court against Respondent to prevent her from representing herself in her capacity as a licensed Missouri attorney before the federal court. The state circuit court does not have the power to enjoin a federal court. See Washington County Board of Supervisors v. Durant, 76 U.S. (1 Wall.) 415, 418, 19 L.Ed. 732 (1869). In Durant, the U.S. Supreme Court held, "an injunction of a State court cannot control, or in any manner affect the action, the process, or the proceeding of a [United States] Circuit Court, not because the latter has any paramount jurisdiction over State courts, but because the tribunals are independent ...." Id. Federal courts and state courts have different rules and procedures. The appearance by legal counsel in a federal court is governed by 28 U.S.C.A. section 1654. Missouri courts lack subject matter jurisdiction to enjoin a federal court as to who may appear and be recognized within

---

1. Appellant filed a complaint against his former attorney, Respondent, in the United States District Court for the Eastern District of Missouri for legal malpractice because she would not file a lawsuit on Appellant's behalf.

that court and its interpretation of its rules and procedures.

Appellant contends he is not seeking to enjoin the federal court, but rather is seeking to enjoin Respondent as a person and that is why Respondent was named as a party. The prohibition against state courts interfering in federal court proceedings is not altered by the fact that the injunction sought by Appellant was addressed to Respondent rather than the federal court itself. *See Donovan v. City of Dallas,* 377 U.S. 408, 413, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

The circuit court lacked jurisdiction to issue an injunction and, therefore, did not err in dismissing Appellant's petition. Since this court's jurisdiction is no greater than the circuit court's, the appeal must be dismissed. In addition, all motions taken with the case are denied as moot. Respondent's motion for costs and attorneys fees against Appellant for frivolous and vexatious appeal is denied.

Appeal dismissed.