(No. 45290.-

ROBERT C. BRIDGMAN, Appellant, v. BERNARD J. KORZEN, County Collector, *et al.*, Appellees.

*Opinion filed December 1, 1972.*

PRICE, CUSHMAN, KICK & MAHIN, of Chicago (ROBERT S. CUSHMAN and THOMAS E. BRANNIGAN, of counsel), for appellant.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (VINCENT BENTIVENGA, JR., Chief of the Civil Division, and JOHN H. HILBERT and PAUL P. BIEBEL, JR., Assistant State's Attorneys, and E. MICHAEL KELLY, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Robert C. Bridgman, appeals from the judgment of the circuit court of Cook County entered upon allowance of the motion for summary judgment of the defendants, Bernard J. Korzen, County Treasurer and *ex-officio* County Collector, and Edward J. Barrett, County Clerk of Cook County.

The record shows that on February 7, 1972, the Board of Commissioners of Cook County enacted ordinance 72—1 which by its express language purported to supersede sections 88, 112, 163, 164, 194 and 224 of the

Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 569, 593, 644, 645, 675 and 705). The ordinance provided that it was to become effective on March 1, 1972.

The ordinance is substantially similar to the superseded sections of the Revenue Act of 1939 except that it provides for the payment of real-estate taxes in four installments, due respectively on January 15, March 15, May 15 and July 15, instead of in two installments (ch. 120, par. 675) due on May 1 and September 1, respectively (ch. 120, par. 705), as provided in the Revenue Act. It provides that by December 15, 1972, and each subsequent year, tax bills shall be prepared and mailed for the first three installments, each of which installments shall be computed at 16 2/3 percent of the amount of the real-estate taxes for the preceding year, and that by June 15, 1973, and each subsequent year, bills shall be mailed for the fourth installment payable on July 15. The bill for the fourth installment is to state the amount of the estimated taxes billed in the first three installments, and the balance of the amount of taxes due for that year.

On March 9, 1972, plaintiff instituted this class action seeking a declaratory judgment that the ordinance was unconstitutional and void, and injunctive relief. Plaintiff and defendants moved for summary judgment, the circuit court denied plaintiff's motion, allowed defendants' motion and entered judgment dismissing the action. Plaintiff filed notice of appeal to the appellate court and by order entered pursuant to Rule 302(b) the appeal was taken directly to this court.

The issue presented, broadly stated, is whether Cook County is empowered to enact the ordinance in question under section 6(a) of article VII of the constitution of 1970, which in pertinent part provides that "*** a home rule unit may exercise any power and perform any function pertaining to its government and affairs ***," and, more narrowly, the question presented is whether the power which it exercises and the function which it

performs in the process of collecting property taxes pertain "to its government and affairs." Plaintiff contends that the constitution does not authorize the county to enact the ordinance for the reasons that collection of real-estate taxes is not a function pertaining to its government and affairs, that the ordinance is in direct conflict with the provisions of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 482 *et seq.*), which it purports to supersede, that the sections of the Revenue Act purportedly superseded are not contrary to or inconsistent with the provisions of the constitution of 1970 and under section 9 of the Transition Schedule of the constitution remain in force and effect.

Although a review of the pertinent legislation shows a definitive trend toward making the collection of taxes exclusively a county function, statutory provisions continue in force and effect for the election of township collectors. Prior to the adoption of the constitution of 1870, in counties under township organization, a collector was to be elected in each township. (Laws of 1861, p. 216, art. IV, sec. 2—now Ill. Rev. Stat. 1971, ch. 139, par. 60.) Following the adoption of the constitution of 1870, the General Assembly enacted the Revenue Act of 1872 which provided that the power and duty to collect property taxes rested in the town collector, the district collector and the county collector. (Laws of 1871-72, p. 1, sec. 155—now Ill. Rev. Stat. 1971, ch. 120, par. 671.) In counties not under township organization, the county was a collection district and the sheriff was the *ex-officio* district collector. (Laws of 1871-72, p. 1, sec. 140.) The treasurers of counties under township organization and the sheriffs of counties not under township organization were the *ex-officio* county collectors of their respective counties. (Laws of 1871-72, p. 1, sec. 144.) The tax charged against railroad property and the capital stock of telegraph companies was collected by the county collector. (Laws of

1871-72, p. 1, sec. 124.) The tax levied against all other property was collected by the town collector in counties under township organization, and by the district collector in counties not under township organization. Laws of 1871-72, p. 1, sec. 136.

In 1901 the office of town collector was abolished in townships lying wholly within cities of more than 50,000 population, and the county treasurer became the *ex-officio* town collector. (Laws of 1901, p. 314, sec. 2.) In 1917 the office of town collector was abolished in counties of less than 100,000 population, and his duties were thereafter to be performed by the county collector. (Laws of 1917, p. 792, sec. 1.) Under the Revenue Act of 1939 the office of district collector was abolished, but the sheriff, as the *ex-officio* county collector in counties not under township organization (Ill. Rev. Stat. 1939, ch. 120, par. 657), continued to collect the property tax in those counties. In 1941 the legislature provided that in counties which had attained 100,000 population in the 1940 Federal census no town collectors should be elected unless authorized by referendum, and that in counties which had a population of over 100,000 prior to the Federal census of 1940, because of the financial burden incident to the compensation of town collectors, the office of town collector could be discontinued. (Laws of 1941, p. 1297, secs. 1 and 2.) On January 1, 1971, the county treasurer became the *ex-officio* county collector in all counties. Ill. Rev. Stat. 1971, ch. 120, par. 657.

Section 181 of the Revenue Act of 1872 provided that "County collectors shall have the same powers, and may proceed in the same manner, for the collection of any tax on real or personal property, as town or district collectors: ***" and in its present form (Ill. Rev. Stat. 1971, ch. 120, par. 688), reflecting the abolition of district collectors, provides: "County collectors shall have the same powers and may proceed in the same manner, for the

collection of any tax on real or personal property, as town collectors: ***." In 30 townships in Cook County lying outside the city of Chicago there are 29 *de jure* town collectors, but by reason of our prior opinions in *Flynn v. Kucharski, 45 Ill.2d 211, Flynn v. Kucharski, 49 Ill.2d 7,* and *Flynn v. Kucharski, 53 Ill.2d 88,* these officials are not collecting property taxes and the collection process, presently, is being performed by the county.

Although obviously there are powers and functions of county government which pertain to its government and affairs within the contemplation of section 6 of article VII (*Kanellos v. County of Cook, 53 Ill.2d 161*), the collection of property taxes is not one of them. In the process of collecting and distributing tax monies the county acts both for itself and the other taxing bodies authorized to levy taxes on property within the county, and the function thus performed does not pertain to its government and affairs to any greater extent than to the government and affairs of the other taxing bodies for whose benefit it acts. We find no provision in the constitution of 1970 or in the proceedings of the convention which leads us to believe that the collection of property taxes is a home-rule power or function within the contemplation of section 6 of article VII.

The parties have briefed and argued a number of other issues but in view of the conclusion reached with respect to the first question considered it is not necessary to discuss them. For the reasons stated the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*