(No. 44340.–

MICHAEL CUMMINGS *et al.*, Appellees, v. RICHARD
J. DALEY, Mayor, *et al.*, Appellants.

*Opinion filed September 17, 1974.*

2

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan, Daniel Pascale, Jerome A. Siegan, and Thomas J. Cachor, Assistants Corporation Counsel, of counsel), for appellants.

Edward J. Burke, of Chicago, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Cook County quashed the return to a writ of *certiorari* which it had issued to review a decision of the mayor of the city of Chicago suspending for 90 days the real estate licenses of the three plaintiffs, Gem Real Estate and Management Company (Gem), Nathan Weisman, the president of Gem, and Michael Cummings, a salesman employed by Gem. The case is here upon direct appeal by the mayor and the Chicago Commission on Human Relations (Commission), under former Supreme Court Rule 302. Ill. Rev. Stat. 1969, ch. 110A, par. 302.

The order of suspension was based upon the recommendation of the Commission which, after a public hearing before a hearing examiner on three complaints filed by residents of the South Lynne neighborhood, had found that on two occasions Gem, Weisman, and Cummings had violated section 3(f) of the Chicago Fair Housing Ordinance (Municipal Code of Chicago, ch. 198.7B, sec. 3(f)) when Cummings solicited for sale certain

residential real estate on the ground of loss of value due to the entry and prospective entry of Negroes into the neighborhood.

The defendants first contend that the circuit court erred in reviewing the order of the mayor and the proceedings of the Commission by common-law writ of *certiorari* rather than under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 264 *et seq.*). In support of their position they rely upon section 2 of the Administrative Review Act, which provides:

> "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency *where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act.* In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." (emphasis added) (Ill. Rev. Stat. 1969, ch. 110, par. 265),

and upon section 9 of the Chicago Fair Housing Ordinance, which states:

> "*** Any broker whose license has been suspended or revoked by the Mayor, or any complainant aggrieved by the decision of the Mayor, shall have full right to appeal from such order of suspension or revocation in accordance with procedure specified in the Administrative Review Act of Illinois." Municipal Code of Chicago, ch. 198.7B, sec. 9.

The contention is that the ordinance is an "Act creating *** such agency," which "by express reference, adopts the provisions of [the Administrative Review] Act."

In *Paper Supply Co. v. City of Chicago* (1974), 57 Ill.2d 553, we held invalid a provision of the city of Chicago's "head-tax" ordinance which had attempted to adopt the provisions of the Administrative Review Act with respect to proceedings for judicial review of administrative decisions under that ordinance. In so doing we rejected the contention that is advanced in this case. The

4

same result must follow here. As we pointed out in the *Paper Supply Co.* case,

"*** The method of judicial review of the decisions of the defendant city's administrative agencies is not a 'function pertaining to its government and affairs' within the contemplation of section 6 of article VII of the Constitution of 1970, and the determination of the manner or method of such review is not within the powers conferred upon the City." 57 Ill.2d at 580.

The defendants next contend that the circuit court erred in holding that the refusal of the Commission to conduct a hearing with respect to the alleged prejudice of one of its members, and to issue subpoenas so that the plaintiffs might take discovery depositions of the Commission's witnesses, deprived the plaintiffs of due process of law. We need not decide these questions, however, because there was a jurisdictional defect in the Commission's report which requires that the judgment of the circuit court quashing the return to the writ of *certiorari* be affirmed.

Section 7 of the Chicago Fair Housing Ordinance provides that if, as in this case, attempts to resolve a complaint by means of conciliation and persuasion prove unsuccessful, the Commission shall hold a full hearing on the complaint. Section 8 then provides that at the conclusion of the hearing "*** the Commission shall render a written report and recommendations, which shall be served by mail upon the complainant and the respondent. *No report shall be delayed more than sixty days after the date of the issuance of notice for commencement of the first hearing.*" (Emphasis added.) In this case the Commission issued its notice for the public hearing on November 17, 1969, but did not issue its report until March 26, 1970. Some of this delay was clearly attributable to the plaintiffs. At the initial hearing before the hearing examiner they moved for a continuance, which

was granted, and they subsequently filed motions to dismiss and to take discovery depositions of the Commission's witnesses, the consideration of which caused further delay. These matters were finally resolved at the Commission's meeting on January 22, 1970, but the Commission still did not issue its report for another 63 days. None of this latter delay can be attributed to the plaintiffs.

Since the Commission delayed its report for more than 60 days after the conclusion of the public hearings, it lost jurisdiction of the matter and the order based on its proceedings is void.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*