ALBERT P. NOWICKI, Plaintiff-Appellee, *v.* EVANSTON FAIR HOUSING RE- VIEW BOARD *et al.*, Defendants-Appellants.

(No. 58341; ▮▮▮▮▮▮▮)

First District (4th Division)—December 11, 1974.

*Rehearing denied January 2, 1975.*

Jack M. Siegel, Corporation Counsel, of Evanston, for appellants.

Kirkland & Ellis, of Chicago (William D. Maddux, Raymond R. Cusack, and Gary M. Elden, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County reversing a decision of the Evanston Fair Housing Review Board.

The only issue presented on appeal is whether the decision of the Fair Housing Review Board was against the manifest weight of the evidence.

On January 17, 1972, following a hearing on a complaint brought by

Horacio Lewis, the Evanston Fair Housing Review Board found the plaintiff-appellee, Albert Nowicki, guilty of violating certain provisions of the Evanston Fair Housing Ordinance. The Board fined Nowicki $500. Plaintiff-appellee then filed his complaint for administrative review, seeking the review of the order of the Fair Housing Review Board. The trial court reversed the finding of the Board, and the instant appeal resulted.

■ Upon presentation of his oral argument before this court in the case at bar, counsel for the defendants-appellants notified the court for the first time of two very recent supreme court decisions which are applicable to the instant case. Counsel for both the plaintiff-appellee and the defendants-appellants urged this court to disregard the cases and decide the present case on its merits. We cannot, however, ignore the decisions of the supreme court, and we will not do so.

■■ In *Cummings v. Daley* (1974), 58 Ill.2d 1, the supreme court, quoting *Paper Supply Co. v. City of Chicago* (1974), 57 Ill.2d 553, held:

> " '* * * The method of judicial review of the decisions of the defendant City's administrative agencies is not a "function pertaining to its government and affairs" within the contemplation of section 6 of article VII of the Constitution of 1970, and the determination of the manner or method of such review is not within the powers conferred upon the City.' " (58 Ill.2d 1, 4.)

In *Cummings,* the trial court quashed a return to a writ of *certiorari* which it had issued to review a decision of the mayor of the city of Chicago suspending the real estate licenses of three individuals. The supreme court affirmed, stating:

> "* * * there was a jurisdictional defect in the Commission's report which requires that the judgment of the circuit court quashing the return to the writ of *certiorari* be affirmed." (58 Ill.2d 1, 4.)

In *Paper Suppy Co.,* the appellate court held invalid a provision of the City of Chicago's "head tax" ordinance which had attempted to adopt the provisions of the Administrative Review Act with respect to proceedings for judicial review of administrative decisions under that ordinance. The supreme court agreed, and the same result must follow here. The city of Evanston was without power to declare the Administrative Review Act applicable to administrative decisions rendered under the Evanston Fair Housing Ordinance. Although the record is silent on that question, the plaintiff-appellee proceeded under the Administrative Review Act. The appeal was taken and heard in the circuit court prior to the aforesaid opinions, therefore it could not have been anticipated the supreme court would hold that to properly challenge the decision of the

Fair Housing Review Board the plaintiff-appellee should have filed a writ of *certiorari* with the circuit court.

■■ Plaintiff-appellee's counsel filed a motion asking this court to treat both appeals, first the one to the circuit court and then this one to the appellate court, as if a petition for a writ of *certiorari* had been properly filed in the circuit court, by now amending the complaint in the circuit court. Plaintiff-appellee's motion must be denied because the appellate court cannot confer jurisdiction upon itself or upon the circuit court when the original proceeding was void for lack of jurisdiction.

■■ For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed for lack of jurisdiction, the proceedings being a nullity, and it follows the order of the Fair Housing Review Board stands affirmed.

Circuit court reversed; board affirmed.

ADESKO, P. J., and JOHNSON, J., concur.