THE HOMEFINDERS, INC., et al., Plaintiffs-Appellees, v. THE CITY OF EVANSTON et al., Defendants-Appellants.

(No. 60676;

First District (4th Division)—May 14, 1975.

Jack M. Siegel, Corporation Counsel, of Evanston, for appellants.

Bergstrom, Davis & Olson, of Chicago (Robert W. Bergstrom, Ronald W. Teeple, and Robert J. Hackman, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County reversing a decision of the Evanston Fair Housing Review Board.

The issues presented on appeal are: (1) whether the trial court had jurisdiction to review the findings and decisions of the Evanston Fair Housing Review Board under the provisions of the Administrative Review Act; (2) whether the decision of the Evanston Fair Housing Review Board was against the manifest weight of the evidence; (3) whether the Board had jurisdiction over the parties and subject matter of this action; (4) whether the Board violated the procedures established in the Evanston Fair Housing Ordinance for the adjudication of complaints; and (5) whether the power of the Board to impose monetary penalties was a delegation of judicial power in violation of the Constitution of Illinois and the Constitution of the United States.

The plaintiff, Homefinders, Inc., is a real estate company duly licensed and engaged in business in the City of Evanston. Plaintiff, Germaine Engelhardt, is employed by Homefinders, Inc., as a sales representative. The defendants are the City of Evanston, the Evanston Fair Housing Review Board and its individual members, and the Evanston Human Relations Commission.

The complaint which prompted the administrative action herein was brought by the Evanston Human Relations Commission, which is empowered to file complaints under the terms of the Evanston Fair Housing Ordinance. The Evanston Fair Housing Review Board commenced hearings on November 30, 1972. The Board heard testimony from four women who had gone to the offices of Homefinders, Inc., at the request of the Human Relations Commission. The women had represented to the sales representatives of Homefinders, Inc., that they were interested in buying a home in Evanston. Each of the four women testified to certain discriminatory and negative comments voluntarily made by the sales representatives in regard to integrated areas of Evanston. At the close of the hearings, the Board found Homefinders, Inc., and Germaine Engelhardt guilty of violating certain provisions of the Evanston Fair Housing Ordinance. The Board fined Mrs. Engelhardt $200 and Homefinders, Inc., $1,000. Plaintiffs-appellees then filed their complaint for administrative review, seeking the reversal of the report of the Fair Housing Review Board. On April 26, 1974, the trial court reversed the finding of the

Board, and defendants-appellants filed their instant appeal.

The defendants-appellants first contend the trial court had no jurisdiction to review the findings and decision of the Fair Housing Review Board under the provisions of the Administrative Review Act. In support of their contention, defendants-appellants rely on the decisions in *Paper Supply Co. v. City of Chicago* (1974), 57 Ill.2d 553, and *Cummings v. Daley* (1974), 58 Ill.2d 1, wherein the supreme court indicated administrative review will not lie from the decisions of an administrative agency created by municipal ordinance rather than by statute. Plaintiffs-appellees, on the other hand, contend the trial court had jurisdiction to review the decision of the Fair Housing Review Board pursuant to the circuit court's equitable powers.

We believe the trial court in the present case had no jurisdiction to review the decision of the Evanston Fair Housing Review Board. This case was tried before the supreme court decided the *Paper Supply Co.* and *Cummings* cases; therefore, the trial court did not have the benefit of those decisions. In the recent case of *Nowicki v. Evanston Fair Housing Review Board* (1974), 25 Ill.App.3d 129, this court, citing *Paper Supply Co.* and *Cummings,* held the City of Evanston was without power to declare the Administrative Review Act applicable to administrative decisions rendered under the Evanston Fair Housing Ordinance. The facts in *Nowicki* were similar to those in the case at bar, and the same result must follow here. Plaintiffs-appellees' contention that the trial court had jurisdiction pursuant to the equitable powers of the circuit court is without merit. The instant matter involves a statutory proceeding and not a court of equity. Plaintiffs-appellees' further argument that this court should invoke equitable appellate powers likewise must fail, for we find no authority supporting that contention.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed for lack of jurisdiction, the proceedings being a nullity, and it follows the order of the Fair Housing Review Board stands affirmed.

Judgment reversed.

BURMAN and JOHNSON, JJ., concur.