(No. 60216.—

THE CHICAGO BAR ASSOCIATION *et al.*, Appellees,
v. THE COUNTY OF COOK *et al.*, Appellants.

*Opinion filed August 3, 1984.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and Henry A. Hauser and Susan Condon, Assistant State's Attorneys, of counsel), for appellants.

John F. McCarthy and Kevin M. Forde, Ltd., of Chicago (Kevin M. Forde, Chester R. Davis, Jr., Arnold Flamm, Michael Padden, Sharon Finegan Patterson, James C. Spangler, and McCarthy & Levin, of counsel), for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants (hereafter appellants) the County of Cook

and Stanley T. Kusper, Jr., county clerk, appealed from the judgment of the circuit court of Cook County holding invalid Cook County Ordinance No. 115923, and enjoining the appellants and the defendants, individual members of the board of election commissioners of the city of Chicago, "from in any manner proceeding with reference to any election authorized or required by that ordinance." The appellate court affirmed the judgment (124 Ill. App. 3d 355), and we allowed appellants' petition for leave to appeal (87 Ill. 2d R. 315).

Ordinance No. 115923, enacted on June 6, 1983, states that its provisions "shall supersede sections 11, 116 and 118 of the 'Revenue Act of 1939'" (Ill. Rev. Stat. 1981, ch. 120, pars. 492, 597, 599). Section 11 provides for the election, in counties containing 1 million or more inhabitants, of two commissioners to serve terms of four years as members of the board of appeals. In the event of a vacancy, the chief judge of the circuit court appoints an individual to fill the vacancy until the next county election. Section 116 provides that the board of appeals, upon complaint filed by a taxpayer, may revise the assessment of any taxpayer. Section 118 provides for the classification of complaints and hearings and that an order for correction of an assessment requires the concurrence of both commissioners.

Ordinance No. 115923 provides that, in the election held in November 1984, a third commissioner be elected to the board of appeals of Cook County. Thereafter, beginning in 1986, successors to the two present commissioners will be elected for four-year terms, one from within the city of Chicago, and one from suburban Cook County. Commencing in December 1984, a decision of the board would require a vote of at least two of the three commissioners. The ordinance further provides that a vacancy on the board will be filled by appointment to be made by certain designated members of the Cook

County board of commissioners dependent upon whether the vacancy is that of the commissioner elected from within the city or from the suburban area of the county.

In affirming the judgment the appellate court held that under this court's decision in *Bridgman v. Korzen* (1972), 54 Ill. 2d 74, defendant county was not empowered to enact the ordinance and that it was invalid. Appellants contend that the defendant county, under article VII, section 6(a), of the 1970 Illinois Constitution, has authority to enact the ordinance. They argue that the assessment of real estate pertains to its government and affairs and that the county's interest in the assessment of real estate predominates over that of any other governmental entity. They contend, too, that power to enact the ordinance is conferred by article VII, section 4(c), of the 1970 Illinois Constitution. By virtue of the provisions of article VII, sections 4(a) and 6(a), of the Constitution of 1970, defendant Cook County is a home rule unit and, as provided in section 6(a), "may exercise any power and perform any function pertaining to its government and affairs ***."

Appellants argue that the function of assessing taxes is distinguishable from that of collecting taxes and therefore *Bridgman* is not controlling here. They argue that the collector performs a duty which is primarily ministerial and in collecting and distributing tax funds serves as the agent for the taxing bodies who are the ultimate recipients of those funds. They argue that the board of appeals, "in the exercise of judgment inherent in the assessment function," does not act as agent for the taxing bodies and that its duties and functions clearly pertain to the defendant county's government and affairs.

We agree with the appellate court that the assessment, which requires a greater exercise of discretion than does the collection of taxes, does not pertain to the county's local government and affairs within the contem-

plation of article VII, section 6(a). In our opinion there is no distinction between the collection and assessment functions which serves to render *Bridgman* inapplicable.

We do not find persuasive appellants' argument that the interests of the county predominate over the interests of the other taxing bodies. The parties agree that there are 570 taxing bodies in Cook County that levy taxes on real estate, 44 of which, including the defendant county, are home rule units, and that 90.87% of the taxes collected in the county in 1982 were distributed to local taxing bodies other than Cook County. It does not appear, therefore, that the interest of the defendant county in the assessment function predominated over those of other taxing bodies.

Appellants contend here, as they did in the appellate court, that the ordinance is authorized by article VII, section 4(c), of the 1970 Constitution, which provides in part:

> "Each county shall elect a sheriff, county clerk and treasurer and may elect or appoint a coroner, recorder, assessor, auditor and such other officers as provided by law or by county ordinance."

In the appellate court appellants argued that in creating the office of a third commissioner, the defendant county had not acted to modify the rules governing the assessment procedures but had "merely provided for an additional county office." (*Chicago Bar Association v. County of Cook* (1984), 124 Ill. App. 3d 355, 361.) In rejecting the argument the appellate court held that the ordinance did not merely create the third office, but changed the procedure by which the decisions of the board of appeals were to be made, and that this "as well as other changes made by the ordinance constitute material alterations in the assessment process established by the legislature." (124 Ill. App. 3d 355, 361.) We agree.

Appellants argue here that the appellate court failed to

distinguish *People ex rel. Hanrahan v. Beck* (1973), 54 Ill. 2d 561, which opinion, they contend, is "directly applicable to this case and establishes the standard to be applied under article VII, section 4(c)." *Beck* involved an ordinance adopted by Cook County under its home rule authority creating the office of county comptroller and transferring to the newly created office certain functions assigned by statute to the county clerk. The issue presented was whether that transfer effected "the elimination" of the office of county clerk or any major step in that direction. The court held that it did not, and upheld the validity of the ordinance.

We find *Beck* clearly distinguishable. *Beck* presented no question whether the functions of the comptroller or the county clerk pertained to the government and affairs of the county, and, indeed, that issue was not considered by the court. We agree with the appellate court that, absent authority under its home rule power, the defendant county is not authorized under article VII, section 4(c), to enact the ordinance here held invalid.

Finally, appellants contend that the ordinance "is fully consistent with the Revenue Article of the Illinois Constitution." We need not, and do not, reach the issue whether any provision of article IX of the Constitution of 1970 would serve to invalidate the ordinance. Absent home rule power conferred by the provisions of article VII, section 6(a), the defendant county was without authority to enact the ordinance, and we need not consider its validity in the light of the Revenue article.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*