LOOP MORTGAGE CORPORATION, Indiv. and as Representative of a Class of Persons and Entities Similarly Situated, Plaintiff-Appellant, v. THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—95—3830

Opinion filed July 21, 1997.

Flamm & Teibloom, Ltd., of Chicago (Arnold M. Flamm and Matthew A. Flamm, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, Patricia M. Moser, Harry John Devereux, and Paul Castiglione, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

This action was brought as a class action by the named plaintiff, Loop Mortgage Corporation, acting on its own behalf and as representative of a class of persons and other entities similarly situated, seeking a declaration that ordinance No. 195136 of the County of Cook is invalid because it exceeds the powers granted to home rule counties by the Illinois Constitution of 1970. The County of Cook (the County) and the recorder of deeds of Cook County (the Recorder) were named as defendants. The amended complaint was dismissed with prejudice pursuant to section 2—619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—619 (West 1994).

Plaintiff appeals from the order of dismissal, raising the following issues: (1) whether the trial court erred in holding that ordinance No. 195136 constitutes a valid exercise or performance of a "power or function pertaining to the government and affairs of Cook County" within the meaning of article VII, section 6(a), of the Illinois Constitution (Ill. Const. 1970, art. VII, § 6(a)); and (2) if the ordinance is upheld, whether the Recorder may lawfully collect a $2 fee for filing or recording a tax billing information form in the absence of any statute or county ordinance authorizing the imposition of such a fee.

The ordinance at issue is ordinance No. 195136 and is entitled an "Ordinance to Require the Filing of Changes to Tax Billing Information" (the ordinance). The Cook County board adopted the ordinance

on November 30, 1994, and made it effective January 1, 1995. The ordinance provides for the preparation and filing of a tax billing information form (the form) in order to facilitate the distribution of real estate tax bills to the current owner or assessee of record. The ordinance provides in pertinent part:

"Section 1. It shall be the duty of persons seeking recordation to file a Tax Billing Information Form at the time of recordation of any instrument which relates to or causes a change in the assessee of record for real property located in Cook County ***."

Cook County Ordinance No. 195136 (eff. November 30, 1994).

The Cook County treasurer, the county collector, has the sole and mandatory statutory duty of administering the system of real property tax billing as required by the Illinois Property Tax Code, sections 20—5, 20—10 and 20—15. 35 ILCS 200/20—5, 20—10, 20—15 (West 1994). Over 1,400,000 individual parcels of real property are identified each year for assessment and taxation in Cook County. For the tax year of 1994, the county collector issued 2,984,106 real property tax bills. During the course of an average business week, the county collector processes in excess of 1,500 tax bill name and address changes.

The Cook County board determined that, in order to facilitate the collector's statutory duties, a tax billing information form should be devised and its use implemented. The form, when completed and filed pursuant to the ordinance, provides the collector with all of the information necessary to prepare and accurately distribute real property tax bills to all owners and assessees of record. According to the affidavit of Grace Neville, first deputy treasurer of Cook County, the collector uses the information contained in the form to assure that all real property tax payers in Cook County are mailed an accurate and timely tax bill as required by law. Ms. Neville's affidavit further states that the recording of the form with the office of the recorder of deeds provides a permanent record of the changes contained in the form.

The ordinance does not direct the actions of the Recorder relative to the form, assess a fee for the filing of the form, condition the recording of deeds on the filing of the form, or penalize citizens for failure to comply with the ordinance. Cook County Recorder Jesse White states in his affidavit that it is the policy of his office to accept deeds and other instruments of conveyance for recordation without the additional presentation of the form. In the event that a citizen does tender the form when a deed or other instrument of conveyance is presented for recording, the corresponding fee for the recordation of the form is charged pursuant to the fee schedule set by state law.

On February 10, 1995, plaintiff filed a single-count complaint for declaratory and injunctive relief contending that the ordinance is unconstitutional. Substantively, plaintiff complained that the adoption of the ordinance is neither authorized by the General Assembly nor a proper exercise of home rule power because the collection of real estate property taxes does not pertain to the government and affairs of Cook County within the meaning of article VII, section 6(a), of the Illinois Constitution of 1970. Ill. Const. 1970, art. VII, § 6(a). Paragraph 6 of the complaint alleges that, as a condition precedent for recording its deed, plaintiff was required by defendant Recorder to file the form and pay a $2 fee.

On April 28, 1995, defendants filed a motion to dismiss, along with the affidavits of Grace Neville and Jesse White. On May 19, 1995, at the hearing on defendant's motion to dismiss, plaintiff presented a counteraffidavit of its counsel's paralegal, Kim Whitman. Ms. Whitman states that on February 9, 1995, while she was at the Recorder's office, the deputy recorder told her that a deed would not be accepted for recording unless it was accompanied by the form and a $2 fee paid. Ms. Whitman further states that on May 12, 1995, she returned to the Recorder's office with her employer and plaintiff's counsel, Mr. Arnold Flamm, to present a deed for recordation. This time, Mr. Flamm was told by the deputy recorder that the deed would be recorded without the filing of the form. They then recorded the deed without filing the form.

Following argument of the motion, the trial court dismissed the complaint without prejudice because it failed to state a cause of action. Specifically, the trial court found that there was not a sufficient case in controversy in light of the facts presented in the affidavits. The court found that the ordinance did not impose a duty upon the Recorder and the Recorder's policy of not treating the filing of the form as a condition precedent to the recording of a deed conflicted with the contrary statements made by Ms. Whitman in her affidavit.

On June 14, 1995, plaintiff filed an amended complaint containing five counts. The first count realleges the allegations of the original complaint with respect to the constitutional infirmity of the ordinance under article VII, section 6(a), of the Illinois Constitution. That count, however, also includes several new allegations:

(1) there is in existence no statute or ordinance that authorizes the Recorder to collect a $2 fee for filing or recording the form;

(2) relying on Ms. Whitman's affidavit, it is alleged that, on two separate occasions, plaintiff's agent was specifically informed by deputy recorders that the filing of the form and payment of the $2 fee were conditions precedent to the recording of a deed that caused a change in the address of the assessee;

(3) on some date between May 8, 1995, and May 12, 1995, defendant Recorder

"in an attempt to defeat or delay the relief prayed for in this action, secretly adopted a policy that the filing of the Form and payment of the $2.00 fee were 'voluntary'—i.e., if a prospective user of the Recorder's services specifically asked whether the filing of the forms and payment of the fee were conditions precedent to recording the deed or asked if there was any legal obligation to make that filing and payment, he or she would be given a negative answer and permitted to record the deed without the Form"—

notwithstanding the unambiguous language of the ordinance, which imposes a duty to file the form upon persons seeking recordation, and notwithstanding the fact that section 3 of the ordinance specifically requires that a stamped copy of the form be filed with the Recorder at the time that the deed is presented for recordation; and

(4) the Recorder has made absolutely no effort to make his supposed change of policy known to the public, with the consequence that almost all of the users of his office have continued to do their duty by filing the form and paying the fee.

Counts II through V of the amended complaint are all predicated upon the Recorder's failure to publicly reveal his supposed change of policy, and they allege, respectively, violations of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1994)), violation of fiduciary duty, the common law tort of fraudulent concealment, and violation of the federal civil rights laws.

On September 11, 1995, defendants filed a motion to dismiss the amended complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—619 (West 1994). Defendants contended that the amended complaint was substantially insufficient at law because the ordinance is a proper exercise of the County's home rule powers within the meaning of article VII, section 6(a), of the Illinois Constitution.

In ruling on the motion, the trial court first dismissed counts II through V with prejudice, finding that none stated a cause of action. The court found no evidence of any deceptive practice or fraudulent concealment, nor any showing of a fiduciary duty. The court also did not find that this incident rose to the level of a constitutional violation.

Finally, the court dismissed count I with prejudice, finding that the home rule provisions of the Illinois Constitution are not violated by the ordinance. The court held that the ordinance "is really to assist the Cook County Collector in making the necessary changes that

he has to make in order to find out who the proper assessee of real estate is." The ordinance imposes no duties on the Recorder and "does not constitute an unauthorized and unlawful exercise of the County's home rule powers due to the fact that the Recorder is charging $2.00 if a person wishes to record [the form]."

■ On appeal, we must first determine whether the subject matter of the ordinance is a "power or function pertaining to the government and affairs of Cook County" within the meaning of article VII, section 6(a), of the Illinois Constitution. Article VII, section 6(a), provides the following:

"Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

■ It is undisputed that Cook County has an interest in the efficient operation of any and all of the offices that it funds. The county board is the manager of county funds and business and is ultimately responsible to the public for the total operation of county government. *Heller v. County Board*, 71 Ill. App. 3d 31, 38 (1979). The county board adopted and implemented the ordinance in order to increase the efficiency of the collector's office. Since the efficient operation of the collector's office pertains to county "government and affairs," it is the proper subject of regulation under the home rule provision of the Illinois Constitution. See *American Health Care Providers, Inc. v. County of Cook*, 265 Ill. App. 3d 919, 925-26 (1994) ("An exercise of power pertains to the home rule unit's government and affairs where it relates to problems that are local in nature rather than State or national").

The County's interest in the efficiency of the collector's operations becomes more clear when the details of its office are considered. In the tax year of 1994, the collector issued 2,984,106 real property tax bills and processed more than 1,500 tax bill name and address changes in an average business week. By directing citizens to file the form, the county board assures that the collector has the correct billing information for processing.

Aside from increasing the efficiency of a county-funded office, there are other compelling factors showing that the ordinance pertains to the government and affairs of the County and is a proper exercise of home rule powers. First, the ordinance does not modify or substitute any portion of the state statutes on real property tax bills. That is, the ordinance does not attempt to alter or direct the process by which real property taxes are collected. Its purpose is merely to

assist the collector in the compilation of accurate and updated billing information. Nor does the ordinance impact or implicate the interests of other governmental taxing bodies. This distinguishes the ordinance from other ordinances held to have exceeded the home rule power. See, *e.g.*, *Chicago Bar Ass'n v. County of Cook*, 102 Ill. 2d 438, 467 N.E.2d 580 (1984) (the county exceeded its home rule powers where it altered the number of commissioners on the county board of tax appeals and the procedure by which the board made its decisions regarding the assessment of property taxes); *Bridgman v. Korzen*, 54 Ill. 2d 74, 295 N.E.2d 9 (1972) (the county acted both for itself and other taxing bodies in the process of collecting and distributing tax monies where the ordinance altered the installment schedule for the payment of real estate taxes).

We must reject plaintiff's claim that the $2 fee charged by the Recorder for filing or recording the form renders the ordinance unlawful. We find that the trial court correctly determined that the ordinance is a proper exercise of the County's home rule powers in that it assists the county treasurer in the operation and duties of his office. The imposition of a $2 filing fee does not change that fact.

Since neither of plaintiff's briefs addressed the legal issues raised in counts II through V of plaintiff's amended complaint, this court need not consider those claims on appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.